# WHEELING.

EMPIRE COAL *and* COKE CO. *v.* HULL COAL *and* COKE CO.

Submitted January 20, 1902.    Decided June 7, 1902.

1. COURT'S JURISDICTION—*Presumption—Plea.*

It is not necessary to give jurisdiction, that the declaration contains an averment of the facts authorizing the plaintiff to sue in the county where the action may be brought; jurisdiction will be presumed unless questioned by plea in abatement interposed in proper time. (p. 477).

2. CIRCUIT COURTS—*General Jurisdiction.*

Where circuit courts, being courts of general jurisdiction, take cognizance of causes, every intendment is in favor of their jurisdiction, and rightfully to exercise it. (p. 477).

3. DECISIONS APPROVED.

Point 2, Syl. *Hinton* v. *Ballard,* 3 W. Va. 582, and point 1, Syl. *Humphreys* v. *Railroad Co.,* 33 W. Va. 135, reaffirmed. (p. 478).

4. APPELLATE COURT—*Action Inferior Court Reviewed.*

Although the Appellate Court of this State will supervise the action of an inferior court on a motion for a continuance, it will not reverse a judgment or decree on that ground unless such action was plainly erroneous. (p. 479).

5. DECISION APPROVED.

Point 1, Syl., *Railroad Co.* v. *Lafferty,* 2 W. Va. 104, approved. (p. 482).

Error to Circuit Court, Mercer County.

Action by the Empire Coal & Coke Company against the Hull Coal & Coke Company. Judgment for plaintiff. Defendant brings error.

*Affirmed.*

A. W. REYNOLDS, for plaintiff in error.

RUCKER & ANDERSON, for defendant in error.

MCWHORTER, JUDGE:

The Empire Coal and Coke Company, a corporation organized and doing business under the laws of the State of West Virginia brought its action of *assumpsit* in the circuit court of Mercer County against Hull Coal and Coke Company, a corporation organized under the laws of the State of Kentucky and doing business in said county of Mercer. The declaration filed by the plaintiff company contained the common counts including a count for the sum of two thousand six hundred and fifty dollars and forty-nine cents for money found to be due from the defendant to the plaintiff on account then and there stated between them. Plaintiff filed with its declaration an account of coke shipped by it on the order of defendant, showing a balance due January 20, 1900, of two thousand six hundred and fifty dollars and forty-nine cents, and gave notice that upon the trial of same cause it would offer proof of said account. Common order was confirmed and writ of enquiry entered at the April Rules 1900. On the 16th of May, 1900, the parties appeared by their attorneys when H. D. Lafferty, vice-president of the defendant company, tendered and asked leave to file a plea in abatement and also tendered in connection with said plea in abatement the affidavit of W. H. H. Dorney, said affidavit being annexed to a plea of *non-assumpsit,* but which plea of *non-assumpsit* was not tendered for the purpose of being filed as a plea in the action, but to be allowed to remain, in addition to the affidavit only for the purpose of identifying the case referred in the affidavit, to the filing of which affidavit plaintiff's counsel objected, not because it was attached to the plea of *non-assumpsit;* but upon the ground that it was insufficent to entitle the defendant to have the office judgment set aside, and plaintiff also objected to the filing of the said plea in abatement. The court overruled plaintiff's objection to the affidavit and permitted it to be filed, but sustained the objec-

tion to the filing of the plea in abatement and refused to permit the same to be filed; to which ruling defendant excepted and asked that the plea be made a part of the record.    Attorney for the defendant then moved that the office judgment be set aside and entered the plea of *non-assumpsit,* and on defendant's motion the case was continued.

The plea in abatement avers that the defendant was a corporation chartered, created and organized under the laws of the State of Kentucky, and was at the institution of this suit, and still was a resident and citizen of said state, with its principal office, before the institution of this suit and still was in the city of Roanoke, in the State of Virginia; that at the time of the institution of this suit, and ever since the defendant had carried on its business at its chief office.    At the institution of this suit George H. Hull, the president of the defendant company, was a resident of New York in the State of New York and still resided there, and that W. H. H. Dorney, who was the secretary and treasurer of this defendant company, and the chief officers of the said company resided in the city of Roanoke, Virginia, and still reside there; that at the time of the institution of this suit the said defendant company did not do business in said Mercer County and the plaintiff's alleged cause of action was based upon a contract which was made and entered into in the said city of Roanoke..    On the 16th day of August, 1900, a jury was empaneled to try the issue in the action.    After the plaintiff's evidence was in, the defendant moved the court to strike out all plaintiff's evidence and direct a verdict for the defendant; which motion the court overruled, to which ruling the defendant excepted.    No further evidence being introduced the jury retired and returned a verdict upon the issue in favor of plaintiff, against the defendant for two thousand seven hundred and forty-seven dollars and ten cents. The defendant then moved the court to arrest the judgment upon said verdict and set aside the verdict of the jury and grant it a new trial, for reasons thereafter to be assigned, of which the court took time to consider.    On the 13th day of February, 1901, the parties again appeared and the motion in arrest of judgment, and to set aside the verdict of the jury and grant a new trial upon the grounds stated in defendant's bills of exceptions, Nos. 1 and 2, being considered was overruled by the court, to which ruling defendant excepted and tendered said

two bills of exceptions, which were made a part of the record. Judgment was then entered upon the said verdict. A writ of error was granted the defendant company. Defendant says that the court erred in refusing defendant's plea in abatement or plea to the jurisdiction and in entertaining this action of which it had no jurisdiction. Section 16, chapter 125, Code, provides: "Where the declaration, or bill shows on its face proper matter for the jurisdiction of the court no exception for the want of such jurisdiction shall be allowed, unless it be taken by plea in abatement; and the plea shall not be received after the defendant has pleaded in bar, or answered to the declaration or bill, after a rule to plead, or a conditional judgment or decree *nisi.*" It is conceded by plaintiff in error, in his brief that if the declaration showed upon its face proper matter for the jurisdiction of the court the plea would have been properly rejected; but insists that the declaration in this case does not show upon its face proper matter for the jurisdiction of the court; the declaration avers that the defendant company is "A corporation organized under the laws of the State of Kentucky, and doing business in the county of Mercer and State of West Virginia." The second clause of section 1, chapter 123, Code, providing in what counties suits and actions may be brought, provides, "If a corporation be a defendant, wherein its principal office is, or wherein its mayor, president, or other chief officer resides, or if its principal office be not in this State and its mayor, president, or other chief officer do not reside therein, wherein it does business."

In *Watterman* v. *Tuttle,* 18 Ill. 292, the opinion of the court quotes with approval from *Kenney* v. *Greer,* 13 Ill. where it is held, "It is not necessary to give jurisdiction, that the declaration contains an averment of the facts authorizing the plaintiff to sue in the county where the action may be brought; and that jurisdiction will be presumed unless questioned by plea in abatement, or motion interposed in proper time. The circuit courts are courts of superior or general jurisdiction, and where they take cognizance of causes, every intendment is in favor of their jurisdiction and rightfully to exercise it." The return of the officer of the service of the writ in case at bar shows that the process was served upon the agent of the company in its actual employment and who was in charge of the office of said corporation in the city of Bluefield, in Mercer

County, West Virginia, and it shows further that none of the officers of said corporation resided in the state or were found in his bailiwick. The plea itself is in proper form, but as shown by section 16, chapter 125, referred to, it cannot be filed after conditional judgment. In *Hinton* v. *Ballard,* 3 W. Va. 582, Syl. pt. 2, it is held that "A plea in abatement not being an issuable plea, cannot be filed to set aside an office judgment, and must be filed at rules before office judgment is entered, except where the cause making the filing of a plea in abatement necessary occurs after the office judgment is entered at rules; in which case it may be filed at the first opportunity afterwards." In *Humphreys* v. *Railroad Company,* 33 W. Va. 135 (Syl. pt. 1), "A foreign corporation doing business in this State having no principal office or president or other chief officer resident therein, may be sued in any county wherein it does business, where the cause of action arose out of this State, if process can be legally served in such county."

The second assignment of error is in refusing to grant the defendant a continuance of the case. Upon the motion for a continuance, as appears from bill of exceptions, number 1, it was proved that after the pendency of this suit the defendant had instituted an action against the plaintiff in the circuit court of the U. S. for the district of West Virginia, which was then pending, for damages in the sum of ten thousand dollars for breach of the same contract, upon which plaintiff relied in support of its claim asserted in this case; and a short time after the institution of this action defendant had offered to institute its action for the recovery of said damages in the circuit court of Mercer County, provided plaintiff would accept service of process and submit to the jurisdiction of the court, there being no other means of obtaining service upon the plaintiff in Mercer County; the proposition being made in order that the whole controversy might be settled in the same court; but plaintiff declined and refused to accept the terms of said proposed agreement and declined to sumbit to the jurisdiction of the court; and that the defendant was compelled in order to recover against the plaintiff the entire amount of damages of which it had a *bona fide* claim to bring its action in the said U. S. circuit court; that the defendant intended to prosecute its said action in the circuit court of the U. S. to final judgment with all proper and due diligence. It was also proved that the plaintiff of-

fered, as a counter proposition to that of the defendant as
stated, that it would accept service of process if the defendant
would institute the said action in the circuit court of McDowell
County, W. Va., where the chief office and place of business of
plaintiff was located, which was all the evidence in support of
the motion for continuance, the motion was overruled and con-
tinuance refused, to which ruling defendant excepted. · The
question of continuance is one addressed to the sound discre-
tion of the court, and unless it is apparent that such discretion
has been abused this Court will not interfere therewith. *Amos
v. Stockert,* 47 W. Va. 109, (34 S. E. 821) ; *Bank* v. *Hamilton,*
43 W. Va. 75, (27 S. E. 296) ; *Marmet* v. *Archibald,* 37 W.
Va. 778, (17 S. E. 299) ; *Buster* v. *Holland,* 27 W. Va. 511.
It was not contended that defendant was not ready for trial,
nor was it claimed that plaintiff was insolvent, or not able to
respond to damages that might be recovered by the defendant
in said action, pending in the United States Court.

Plaintiff in error cites *Buster* v. *Holland, supra,* in support
of its said second assignment; an examination of which case
fails to disclose anything which supports the contention of
plaintiff in error. JUDGE GREEN there says: "But though an
appellate court will in this State and Virginia, supervise the
action of an inferior court on a motion for a continuance, it will
not reverse a judgment or decree on that ground unless such
action was plainly erroneous, even if the case were a criminal
case." *Hewitt's Case,* 17 Grat. 627. It appears from the
proof as set out in the bill of exceptions on this point that the
action at bar was instituted prior to that by the defendant in the
United States Court against plaintiff in this case. The circuit
court exercised a sound discretion in refusing the continuance.
Since the submission of this case a decision was rendered on the
fifth day of February, 1902, by the United States circuit court
of appeals for the Fourth circuit, in the case of *Hull Coal and
Coke Company* v. *Empire Coal and Coke Company* affirming
the judgment of the circuit court of the United States for the
District of West Virginia, rendered on the verdict of a jury, in
favor of defendant. The 3, 4, 5 and 6 assignments are properly
considered together as they relate to the propriety of the court's
rulings in permitting certain evidence to go to the jury and in
refusing to strike out plaintiff's evidence and directing a verdict
for the defendant and refusing to set aside the verdict of the

jury and grant defendant a new trial, and entering judgment upon the verdict found under the common counts in *assumpsit.* From the account filed with plaintiff's declaration it appears that the claim is for coke shipped by the plaintiff on the orders of the defendant in the months of November and December, 1899, showing shipments of eight hundred and ninty-four and sixty one hundredths tons in the month of November, at one dollar and sixteen cents per ton, making one thousand and ninety-seven dollars and seventy-four cents due, which was due December 20, 1899, and one thousand three hundred and ninety and thirty one hundredths tons at one dollar and sixteen cents per ton, making one thousand six hundred and twelve dollars and seventy-five cents due January 20, 1900.

The plaintiff introduced as a witness H. D. Knecht, bookkeeper of the plaintiff company, who stated that he had been such bookkeeper something over eight years and kept an account or record of the coke shipped by plaintiff company during that time, and showed by said witness that the defendant company had made the payments due up to the 20th of December, 1899, for the coke shipped to it, at one dollar and sixteen cents per ton; paying on the 20th of each month for the shipments of the preceding month; that the agreed price for said coke was one dollar and sixteen cents per ton, when it appeared that the coke was furnished under a written contract. Defendant's counsel moved the court to exclude all the evidence which the witness had given bearing upon or tending to show the terms of the contract, the writing itself being the best evidence and no foundation having been laid for secondary evidence; of which motion the court took time to consider. Plaintiff then proved by said witness the amount of coke shipped in the months of November and December, but the witness was not permitted to state the value of the coke so shipped. Witness was then shown the contract, which was a proposition made by the defendant company, to the plaintiff company, to purchase all the coke it could make at its ovens at Landgraf from January 21st, to December 31, 1899, at the price of one dollar and sixteen cents per net ton; and offered the same in evidence, to which defendant objected, which objection was overruled and the contract admitted in evidence. On cross examination witness was asked if the plaintiff had furnished twenty thousand tons of coke as set forth in the said contract; to which plaintiff objected and the objection

was sustained and exception taken.   Defendant's counsel then asked the witness whether the plaintiff company had complied with the contract of November 19, 1898, by furnishing to defendant the twenty thousand tons of coke mentioned in that contract, which was also objected to and objection sustained; he was also asked on cross examination if the plaintiff company had any reason, which it claimed to be valid, to offer why the twenty thousand tons of coke mentioned in the contract was not furnished, and was answered that it had; he was then asked by defendant's counsel whether there was any suit pending in the United States circuit court in favor of the defendant against the plaintiff company, and also he was asked whether there was not then pending in the United States circuit court a suit of the Hull Coal and Coke Company against the Empire Coal and Coke Company, for the sum of ten thousand dollars damages for breach of contract, which had been set forth in the evidence, and objection of plaintiff to said question was sustained, and exception taken.   The plaintiff here rested its case.

The defendant introduced no testimony and moved the court to strike out all the evidence introduced on behalf of the plaintiff and direct the jury to return a verdict for the defendant upon the grounds that the evidence was wholly insufficient to entitle the plaintiff to a verdict; that the evidence was not admissible under the pleadings in the case.   It is insisted by plaintiff in error that an action could not be maintained in this case on the common counts, and cites *Railroad Company* v. *Rathbone,* 1 W. Va. 87, and also cites *Carroll County* v. *Collier,* 22 Grat 302.   These were both cases where special contracts were declared upon.   In case at bar the action is to recover a balance due for coke shipped under a contract which had been executed and was no longer executory.   Under the provisions of the written contract, upon the failure on the part of the defendant company on the 20th of any month to have made payment for the amount of coke shipped in the preceding month, an action could have been maintained for such payment.   Payment for the shipments made in December, 1899, was due on the 20th of January, 1900, and under the contract no further shipments were to be made after December.   In section 104, 2 Greenleaf on Evidence, it is said: "So long as the contract continues executory the plaintiff must declare specially; but when it has been executed on his part, and nothing remains but

the payment of the price in money, by the defendant, which is nothing more than the law would imply against him, the plaintiff may declare generally, using the common counts; or may declare specially on the original contract, at his election." And cases there cited.   And in *Railroad Co.* v. *Lafferty,* 2 W. Va. 104, what is above quoted from Greenleaf constitutes the first point in the syllabus, and points 2 and 3 in said syllabus are as follows:

2.   "Where the contract, though partly performed, has been abandoned by mutual consent, the plaintiff may resort to the common counts alone for remuneration for what he has done under the special agreement."

3.   "Where it appears that what was done by the plaintiff was done under a special agreement, but not in the stipulated time or manner, and yet was beneficial to the defendant, and is or has been accepted and enjoyed by him, the plaintiff can not recover upon the contract from which he has departed, yet he may recover upon the common counts for the reasonable value of the benefit, which upon the whole, the defendant has derived from what he has done."

The contract was admissible in evidence, although not specially declared upon, for the purpose of proving the measure of the recovery.   The circuit court did not err in overruling the motion to exclude the evidence and enter up judgment upon the verdict of the jury.

The judgment is therefore affirmed.

*Affirmed.*