OLIVER P. WATERS et al.

v.

EMMA L. WATERS et al.

Opinion filed February 21, 1907.

1. EQUITY—equity has no common law jurisdiction to entertain bill to contest a will. At common law a court of equity has no jurisdiction to entertain a bill to contest a will, but such jurisdiction has been conferred in Illinois by statute, provided the bill is filed within the period fixed by law.

2. SAME—jurisdiction to entertain bill to contest will cannot be waived. If a bill to contest a will shows upon its face that it was not filed within the period fixed by law the court is without jurisdiction to entertain it, and the fact that the point is overlooked, an answer filed and a hearing had culminating in a decree, which is reversed by the Supreme Court on the merits and the cause remanded generally without specific directions, does not preclude the defendants from withdrawing their answer upon the re-docketing of the cause and raising the question of want of jurisdiction by demurrer, since such want of jurisdiction cannot be waived.

APPEAL from the Circuit Court of Stephenson county; the Hon. R. S. FARRAND, Judge, presiding.

R. R. TIFFANY, (ROBERT B. MITCHELL, of counsel,) for appellants.

R. K. WELSH, and LOUIS H. BURRELL, for appellees.

Mr. JUSTICE WILKIN delivered the opinion of the court:

On May 21, 1902, Mary Waters died·testate, and on June 18 following, her last will and testament was admitted to probate by the county court of Stephenson county. At the June term, 1904, of the circuit court of said county, two years thereafter, appellants filed their bill to contest the same upon the grounds of mental incapacity and undue influence. Answer being filed, a trial was had before the court and a jury and a verdict returned finding that the instrument in

question was not the last will and testament of the testatrix, and a decree was entered accordingly. An appeal was prosecuted to this court, where the decree was reversed on the ground that the evidence was not sufficient to sustain the allegations of the bill, and the cause was remanded to the circuit court for such further proceedings as to justice and equity might appertain. (222 Ill. 26.) The case was redocketed in the circuit court and a motion made by two of the defendants for leave to withdraw their answer and file a demurrer to the bill. The motion was allowed, and the demurrer alleged that the bill, upon its face, showed it was not filed within the period of one year from the date of the probate of the will and therefore the court had no jurisdiction to entertain it. The complainants moved to strike the demurrer from the files and restore the answer, alleging that the demurrer was not filed in apt time and that all questions presented in the demurrer had been passed upon by this court on the former appeal. The motion to strike was overruled, the demurrer was sustained and the bill dismissed at complainants' cost. Complainants then filed a motion to re-instate the cause upon the ground that the question of jurisdiction had been passed upon by this court, but the motion was overruled, and an appeal has been prosecuted to this court.

The sole question presented for decision here is as to the correctness of the rulings of the circuit court in permitting defendants to withdraw their answer and file a demurrer to the bill, and in sustaining the same and dismissing the suit at complainants' cost.

At common law a court of equity had no jurisdiction to entertain a bill to contest a will. Such jurisdiction has been conferred in this State by statute, provided the bill be filed within a fixed period. The bill was filed at the June term, 1904. At that time section 7 of chapter 148 (Hurd's Stat. 1905, p. 2051,) provided, that if, at any time within one year after a will was admitted to probate, any person

interested should appear and by his or her bill in chancery contest the validity of the same, an issue at law should be made, up and should be tried by a jury in the circuit court of the county wherein such will had been admitted to probate. The will was admitted to probate on June 18, 1902, and at the time the bill was filed to contest it more than one year had elapsed since the date of probate, and therefore the circuit court was without jurisdiction to entertain it.

It is not denied that if this fact had been called to the attention of the court on the first hearing it would have been its duty to dismiss the bill for want of jurisdiction, but it is claimed that as it was not then done the point has been waived. The demurrer went to the jurisdiction of the court over the subject matter of the suit, and that question could not be waived. The filing of the bill within the time limited by the statute was a jurisdictional fact, and was necessary to put the court in motion. The court had no power to entertain the bill filed after the time limited by the statute, except in cases of the disability named in the statute. (*Luther* v. *Luther*, 122 Ill. 558.) The proviso to section 7 of the act on wills, concerning the right of parties to file a bill and contest a will, is merely a grant of jurisdiction, to be exercised only when invoked within the time fixed by such proviso, and is not a limitation on the exercise of a jurisdiction already existing. (*Storrs* v. *St. Luke's Hospital*, 180 Ill. 368.) Courts of equity in this State have no jurisdiction to contest a will except such jurisdiction as has been conferred by the statute. Indeed, the statute conferring jurisdiction is the only source of power entrusted to a court of equity in this State. Such being the case, a court of equity can only entertain a bill in the mode and within the time prescribed by the statute. *Sharp* v. *Sharp*, 213 Ill. 332.

Neither was there anything in the former proceedings or in the decision of this court which in any way affected the right of the defendants to raise the question of jurisdiction upon the remandment of the cause. The rule is, that

when a decree or judgment is reversed and the cause remanded to the lower court without specific directions, the judgment or decree is entirely abrogated and the cause then stands precisely as if no trial had occurred, and the lower court has the same power, under the record, as it had before its judgment or decree was rendered, and may permit amendments to the pleadings and allow the introduction of further evidence so long as the same does not conflict with the principles of law announced by the court of review and does not introduce grounds for relief which did not exist at the hearing in the trial court. (*Palmer* v. *Woods,* 149 Ill. 146; *Rush* v. *Rush,* 170 id. 623; *Aurora and Geneva Railway Co.* v. *Hardy,* 178 id. 477; *Illinois State Trust Co.* v. *St. Louis, Iron Mountain and Southern Railway Co.* 217 id. 504.) When a decree is reversed and the cause remanded, with directions to proceed in conformity with the opinion then filed, and it appears from the opinion that the grounds of reversal are of a character to be obviated by subsequent amendment of the pleadings or the introduction of additional evidence, it is the duty of the trial court to allow the cause to be re-docketed, and then to permit amendments to be made and evidence to be introduced on the hearing as though it was being heard for the first time. (*Washburn & Moen Manf. Co.* v. *Wire Fence Co.* 119 Ill. 30; *West* v. *Douglas,* 145 id. 164.) The determination of the case in this court on the former appeal was upon the merits, and the question of jurisdiction was not considered nor even mentioned. When the cause was re-docketed in the circuit court it was in the same position as though it had been then filed, and the defendants were at liberty to interpose any defense which they could have originally urged.

The principal ground, however, upon which the decision of the court below must be sustained is, that the want of jurisdiction over the subject matter was not and could not be waived. The rule is too familiar to justify the citation of authorities, that consent can never give jurisdiction to a

court to hear and determine a matter about which it has no jurisdiction in law, and therefore in this case it would have been the duty of the court, upon discovering that the bill was not filed within one year, from the probate of the will, to dismiss the same of its own motion, at the cost of the complainants. Jurisdiction of the person may always be waived, but not jurisdiction of the subject matter of the action.

The demurrer to the bill was properly sustained, and the decree of the circuit court will accordingly be affirmed.

*Decree affirmed.*