## CHARLESTON

### WILDASIN v. LONG *et als.*

Submitted June 16, 1914.   Decided June 23, 1914.

1. FRAUDULENT CONVEYANCES—*Action—Demand Not Matured.*
     A suit to set aside a fraudulent conveyance, under section 2, chapter 133, Code 1906, instituted by a creditor at large for a legal demand not due, cannot be maintained.   (p. 586).

2. CREDITOR'S SUIT—*Beginning of Suit—Date of Writ.*
     When the bill is filed in such suit the time of the suit relates back to the date of the valid writ, though not served.   (p. 587).

3. SAME—*Payment of Debt.*
     When after such suit is brought, the debt then due is paid off and discharged by judgment and execution or otherwise, the questions

arising on such bill become moot and the bill is properly dismissed. (p. 587).

4.  SAME—*Pleading—Demurrer.*

If such bill shows on its face in connection with the summons, which being a part of the record may be looked to on demurrer, that the debt due at the time of the suit had been paid off at the time the bill was filed, the demurrer is well founded and should be sustained, and the bill not being susceptible of amendment is properly dismissed on demurrer.  (p. 587).

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Mercer County.

Suit by C. E. Wildasin against J. A. Long and others. Decree for defendants, and plaintiff appeals.

*Modified and Affirmed.*

*Randolph Henry,* for appellant.

*Woods & Martin,* for appellees.

MILLER, PRESIDENT:

This is a suit by plaintiff, a creditor of J. A. Long, J. S. Long, and J. P. Long, under section 2, chapter 133, and section 2, chapter 74, Code 1906, against J. A. Long, H. V. Long, his wife, and Louis Long, a son, to set aside as fraudulent, a deed made July 27, 1907, recorded June 12, 1908, by J. A. Long to H. V. Long, for the purported consideration of fifteen hundred dollars, acknowledged as paid, a tract of ninety-two acres of land in Mercer County, described by metes and bounds, and as having been the same land conveyed to J. A. Long by D. N. Neal, by deed dated September 12, 1904, and to subject the same, or the interest of said J. A. Long therein, alleged to be a half undivided interest, to the payment of plaintiff's debt.  While the deed last referred to purports to convey the whole estate in the land, the bill alleges, and the deed from Neal shows, the land was conveyed to J. A. Long and H. V. Long, his wife, jointly.

The debt with which plaintiff sought to charge the land was a balance of about $483.35, purchase money, for a saw mill sold J. A. Long and his son, W. J. Long, in March, 1907. After sale and delivery of the mill, and considerable use of

it by the purchasers, and suit by plaintiff against them for the balance due, a new contract in writing was entered into, dated February 3, 1908, consummated after considerable delay by the Longs, about March 14, 1908, whereby the property was to be and was in fact passed into the possession of J. P. Long, J. S. Long, and N. H. Long, sons of J. A. Long, and brothers of W. J. Long, as purchasers thereof, said purchasers to pay the balance due thereon; and the contract recites that in consideration of $500.00 paid and to be paid, as follows: $100.00, cash, and $100.00 respectively in three, six, nine and twelve months, evidenced by negotiable notes of even date therewith, and endorsed by said J. A. Long, as surety, the plaintiff thereby bargained, sold, assigned, transferred and delivered said property to the said J. P., J. S., and N. H. Long, retaining the legal title thereto as further security for the purchase money. The bill alleges as the fact is that the cash payment called for was not paid, but a sixty day note, endorsed as the other notes were, by J. A. Long, was accepted, in a final effort to close the sale, in lieu of the cash payment.

The original process in this suit tested July 10, 1908, returnable the first Monday in August following, when the bill was filed, was never executed, and a new or alias summons sued out and tested October 1, 1908, and made returnable to November rules following, was executed on all defendants, October 26, 1908.

After plaintiff took his testimony, defendants took depositions, beginning November 16, and ending December 7, 1909, but entered no other appearance until December 2, 1909, when defendants, J. A. Long and H. V. Long appeared and filed their separate demurrers and answers and took a rule for costs, the court staying all further proceedings until this rule should be complied with, which was done December 16, 1909. The defendant Louis Long entered no appearance and as to him the bill was taken for confessed.

By the final decree of May 18, 1910, appealed from, the court below was of opinion upon the demurrer that it should be sustained, and upon the merits, that plaintiff was not entitled to the relief prayed for, and accordingly it was

adjudged, ordered and decreed that the demurrer be sustained, and on the merits that the bill be dismissed, without prejudice to plaintiff, by reason of sustaining the demurrer, to institute any other proper action, as he might be advised, on the notes sued on.

One of the propositions relied on by appellees, and which should first be disposed of is that the suit was premarurely brought, for if sustained, the decree below must be affirmed, upon the rules and principles of *Frye* v. *Miley,* 54 W. Va. 324. This question if not presented by the demurrer arises on the merits, by reference to the original and alias writs. The facts are, that on July 10, 1908, the date of the teste of the original writ, the first two of the five notes sued for were past due, and on which, on June 1, 1908, suit had been brought, and on July 8, two days before the teste of the writ, after much delay by defendants, judgment was pronounced by the justice, and on which execution issued and was levied on said mill, and on July 25, 1908, the same was sold, and purchased by plaintiff for sufficient, after payment of costs, to pay the judgment, which was done, and to leave a balance of $27.47 to apply on the third note falling due August 3, 1908, which happened to be the rule day to which the original writ was returnable, and at which time the bill was filed. The original writ, however, failed of service and an alias was necessary and before it issued, in October, 1908, the six months note fell due.

The rule of *Frye* v. *Miley* is, that a suit to set aside a fraudulent conveyance, under section 2, chapter 133, Code 1906, instituted by a creditor at large for a legal demand not due cannot be sustained. Clearly the present suit was well founded on the notes due and unpaid at the date of the teste of the original writ; but before the return day of that writ, and the filing of the bill, as the bill by reference to the writ clearly shows, that debt had been reduced to judgment and satisfied on execution. As to that part of the debt, therefore, the cause of action thereby ceased to exist, and all questions thereon thereafter became moot questions. When this appears, the suit, though pending on appeal, should be dismissed. *Franklin* v. *Peers,* 95 Va. 602, and cases cited; *Bank*

v. *Danser,* 70 W. Va. 529; *State* v. *Lambert,* 52 W. Va. 248; *Freer* v. *Davis, Id.* 1.

But can jurisdiction be maintained on the third note which fell due August 3, the return day of the writ, and the day the bill was filed? Suit could not have been brought on that note on that day, and at the earliest not until the following day. But we must determine the case with reference to the right existing at the date of the suit, for the date of the teste of the writ is the beginning of the suit, not the date of the filing of the bill; and when the bill is filed it relates back to the date of the valid writ. Section 5, chapter 124, Code 1906; *Honesdale Co.* v. *Montgomery,* 56 W. Va. 397; *Manufacturing Co.* v. *Chewning,* 52 W. Va. 523; *Lawrence* v. *Winifrede Coal Co.,* 48 W. Va. 139; *Oil & Gas Well Supply Co.* v. *Gartlan,* 58 W. Va. 267.

However, it is attempted to support jurisdiction on the alias writ issued on October 1, 1908, returnable to November rules, as the beginning of new suit. But this cannot be done. According to *Oil & Gas Well Supply Co.* v. *Gartlan,* and other cases cited, the date of the original summons is the date of the commencement of the suit, and an alias or pluries writ or summons, regularly issued, is the continuance of the original valid process, and not the inception of a new suit or action. So that by all authorities we must look to the date of the original valid writ, though not served, as the date of the beginning of the suit; and as the only debt then due, and which could be relied on to support the jurisdiction, has been fully paid off and discharged, the questions on that bill are now only moot, and were but moot questions when the bill was filed.

But is this question of right and jurisdiction reached by the demurrer? Not unless on demurrer we can look to the original writ to ascertain its date, for it does not otherwise appear on the face of the bill. The correctness of the decree below sustaining the demurrer can be sustained, if at all, alone on this ground, for we find no other good ground of demurrer, and none is pointed out. In equity causes, we think, the summons is a part of the record for all purposes. Section 6, chapter 135, Code 1906, relating to the making up

of records for appeal to this court so implies. In *Pickens* v. *Stout*, 67 W. Va. 422, 439, on the question of the statute of limitations then involved, we looked to the process to ascertain the fact of its date and service, as constituting a part of the record. In actions at law the writ is never a part of the record except to sustain the judgment, unless made so by being read on oyer craved. Then a "demurrer says that the facts as they appear by the writ and declaration are not sufficient in law." Why then does not a demurrer in equity reach a fact appearing in the process, which without oyer is a part of the record. We think it does. Though not a point of the syllabus we understand this to have been the view of Judge HOLT in *Lambert* v. *Ensign Mfg. Co.*, 42 W. Va. 813, 817. That was an action for death by wrongful act. After using the language quoted above, Judge HOLT then says: "So that in both modes (by plea or demurrer) it may be matter of fact to be determined by the court by inspection of the record, supposing the proof of the time of the death to correspond, as in this case it does, with the averment in the declaration. Therefore the defendant may take advantage of it by way of demurrer, as was done in this case, *and as may be done in equity.*" See, also, 6 Ency. Pl. and Pr. 326.

The demurrer, therefore, was properly sustained, on the ground that, the cause of action due at the date of the suit had been paid, and the cause of action remaining had not matured at the date of the suit. Other grounds, as multifariousness, were not well founded. But on sustaining the demurrer, and without leave to amend, and as if upon the merits, the court dismissed the bill. As however the court could see that no amendment could be made, it was not error to dismiss on demurrer, with proper savings to the plaintiff. The savings in favor of plaintiff, however, were too limited. As no motion was made by plaintiff in the court below for a different savings, however, we are of opinion to modify the decree so as to save to plaintiff any and all rights of action either at law or in equity on the notes remaining unpaid, and with respect to the alleged fraudulent conveyances and judgment confessed, set forth in the bill, as he may be advised, anything in said decree to the contrary notwith-

standing, and as so modified, we are further of opinion the decree should be affirmed, with costs to the appellees.

ON REHEARING: We are of opinion to adhere to the opinion and decision on the former hearing. By affidavit of the clerk of the circuit court filed in this court with appellant's petition for rehearing, he proposed to impeach the record originally certified, and to show that the original writ of July 10, 1908, is a spurious paper, and no part of the record. While the affidavit so states, the bill on its face is headed August rules, 1908, the rules to which that process was returnable. Besides the bill, in its prayer, implies that at the time it was filed, at least at the time it was prepared, the notes sued on were not then due. Moreover, the affidavit says, that the process of October 1, 1908, returnable to November rules, is not, as it purports to be, an alias process. It says that the styling of this process as an alias was an inadvertence, or that "the original was issued September 29th, and returned not found or not executed, *and also lost,* or never returned." It may be inquired if the clerk could not be certain about the process of September 29th, how could he speak with certainty about that of July 10, 1908, copied in the record, and as to whether or not alias process issued at August rules, which would show a continuance of the suit? We do not think it would be safe to sanction the practice of impeaching court records in this way. It would be unfair to the court below, and dangerous in the extreme. We, therefore, re-affirm the decree.

*Modified and Affirmed.*