# CHARLESTON.

I. B. WILSON *v.* J. M. RITZ *et al.*

Submitted April 22, 1924.   Decided May 6, 1924.

ABATEMENT AND REVIVAL—PLEADING—*Plea in Abatement Only Remedy for Want of Jurisdiction Where Bill Shows on its Face Proper Matter for Jurisdiction.*

Where a bill shows on its face proper matter for the jurisdiction of the court, want of such jurisdiction can not be shown except by plea in abatement. It can not be reached by demurrer to the bill.

Case certified from Circuit Court, Grant County.

Action by I. B. Wilson against J. M. Ritz and others. Defendant's motion to dismiss plaintiff's bill for want of jurisdiction and demurrer to bill were overruled, and court's rulings were certified to Supreme Court of Appeals.

*Rulings affirmed.*

*Isaac D. Smith* and *A. L. Hooton,* for plaintiff.
*J. M. Ritz,* for defendants.

MEREDITH, PRESIDENT:

The circuit court of Grant County overruled defendants' motion to dismiss plaintiff's bill for want of jurisdiction, as disclosed upon the face of the bill and also their demurrer to the bill. It certified its rulings thereon to this court.

The bill alleges that plaintiff and defendants J. M. Ritz and J. D. Burley in 1912 formed a partnership under the firm name of ''The Wilson Orchard Company''; that they

purchased a tract of orchard land in Grant County for partnership purposes; that plaintiff advanced large sums of money to and performed valuable services for the firm; that the other members refused to contribute their proper share of expenses and to pay their share of his advancements. The bill prays for an accounting; that the property may be disposed of, the partnership dissolved, and the assets applied to the payment of its debts and the advancements made, and for a distribution of any surplus. There are certain other allegations which need not be noticed.

The main question and the only one seriously contended for here is that the circuit court of Grant County has no jurisdiction of the parties. It is conceded it has jurisdiction of the subject matter. The certificate states the point raised as follows:

> "That the circuit court of Grant County does not have jurisdiction of this cause for the reason that the bill of complaint shows upon its face that the plaintiff and all of the defendants are not residents of said Grant County, in said state, but are residents of Marshall County, in said state, and that all of said defendants were served with process in said county of Marshall, in said state."

Along with the certificate there is presented a certified copy of the summons, the bill of complaint, and the order of the court showing its rulings. An examination of the summons shows it was issued by the clerk of the circuit court of Grant County, August 30, 1923, returnable to October Rules. It was directed to the sheriff of Marshall County and by him executed on all the defendants in Marshall County, September 19, 1923. The bill was filed at October Rules, and on November 11, 1923, the defendants by counsel moved the court to dismiss the bill for want of jurisdiction. The motion was overruled. They then demurred to the bill and their demurrer was overruled. The ground of demurrer as shown by the certificate is that the bill shows that defendant J. D. Burley has been adjudicated a bankrupt. As the demurrer is not insisted upon here, we need not consider it further than to state that the ground urged is untenable.

Defendants urge that the court has no jurisdiction because the suit being one to wind up the affairs of a partnership, to dispose of its property and to pay its debts, it is transitory in character and must be brought in the county where some one of the defendants resides; the plaintiff insists that the purpose of the bill is to subject the partnership lands to the payment of the firm's debts and that therefore it was properly brought in Grant County where the land is located. To this proposition is the reply that in equity the land of the firm is personal property, hence the suit to dissolve the firm and dispose of its property can not be maintained in the county where the land is located, if based solely upon the fact that the land is located there. That might be a proper question for discussion if it were properly raised; but it is not.

The only question before us is whether the bill shows on its face proper matter for the jurisdiction of the court. It is insisted by defendants that the bill shows that all the defendants reside in Marshall County; that the summons was directed to the sheriff of that county and the return shows they were all served there. There are two answers to this contention. The first is that the bill does not show where any of the defendants reside. It merely says that J. M. Ritz maintains an office in Wheeling, West Virginia; he might do that and reside in Grant County. It says that J. D. Burley is cashier of a bank located in Moundsville, but does not state where he resides. He might be cashier of the bank there and reside elsewhere, even in Grant County. Nothing is stated as to the residence of any of the defendants. The second answer is that the question raised as to the direction of the summons and the service thereof in no wise applies to the face of the bill. They are not parts of it. The defendants overlooked section 16, chapter 125, Code, which provides:

> "Where the declaration or bill shows on its face proper matter for the jurisdiction of the court, no exception for want of such jurisdiction shall be allowed, unless it be taken by plea in abatement; and the plea shall not be received after the defendant has pleaded in bar, or answered to the declaration or bill, or later than the next succeeding rules after the rules at which a rule to plead or conditional judgment or decree nisi is entered.
> 96 W. Va.

And in all cases, including where the defendant is a corporation, the plea in abatement may be verified by the attorney or agent of the defendant."

The bill clearly "shows on its face proper matter for the jurisdiction of the court;" therefore, no exception for want of such jurisdiction could be taken except by plea in abatement. Such is the plain language of the statute. *Snyder* v. *Philadelphia Company,* 54 W. Va. 149, 46 S. E. 366. No such plea was filed. As was stated in *Ruffner* v. *Cunard Steamship Company, Ltd.,* 94 W. Va. 211, 118 S. E. 157, the object of such a plea is to bring into the record a matter not already in it. If lack of jurisdiction is disclosed by the bill there is no need of a plea to show it.

Under a similar statute the Supreme Court of Appeals of Virginia has held that "when a declaration shows on its face proper matter for the jurisdiction of the court, the question of want of jurisdiction must be raised by plea in abatement, such a question can not be raised by a motion to dismiss the action, and strike it from the docket." *Guarantee Co.* v. *Bank,* 95 Va. 480, 28 S. E. 909.

In default judgments or decrees, the process, including the return, becomes a part of the record; but not so, except in cases of default. *New Eagle Gas Coal Company* v. *Burgess,* 90 W. Va. 541, 111 S. E. 508. There is no default in this case. The summons and return are therefore no part of the record, and could not be considered. While copies thereof are certified to this court, no question arising thereon is certified. The certificate relates solely to the bill. Had the defendants filed a proper plea to the jurisdiction, bringing the writ and return to the attention of the court, they would find themselves in a more favorable situation. The bill being silent as to where defendants reside, we can not presume that the suit has been improperly brought in Grant County. *Empire Coal & Coke Co.* v. *Hull Coal & Coke Co.,* 51 W. Va. 474, 41 S. E. 917. Want of jurisdiction, if shown on the face of the bill would be ground for demurrer. The court has jurisdiction of the subject matter; that is conceded. Being silent as to defendants' residence, its lack of jurisdiction over the parties upon demurrer can not be presumed. *Mankin* v. *Jones,*

96 W. Va.

63 W. Va. 373, 60 S. E. 248. The motion to dismiss as certified to this court may be regarded in the same light as the demurrer to the bill, as it is based on matters alleged to be in the bill and raises substantially the same question. We therefore affirm the court's rulings, and it will be so certified.

*Rulings affirmed.*