E. O. CANTERBERRY *v.* M. O. CANTERBERRY *et al.*

(CC 568)

Submitted November 11, 1936. Decided December 18, 1936.

KENNA, JUDGE, dissenting.

*Koontz, Hurlbutt & Revercomb* and *W. Elliott Nefflen,* for plaintiff.

*D. W. Taylor* and *H. W. B. Mullins,* for defendants.

MAXWELL, JUDGE:

This certification presents for review the action of the circuit court of Kanawha County in sustaining in part and overruling in part the demurrer to a bill in chancery wherein E. O. Canterberry is plaintiff and M. O. Canterberry and Clara A. Canterberry are defendants. The main purpose of the suit is to impeach the purported will of G. F. Canterberry, deceased.

The instrument challenged was probated October 30, 1930. This suit was instituted October 29, 1935. The bill was filed February 3, 1936.

The first question presented is as to what limitation period applies.

At the date of the stated probate, there was in force and effect a statute (Code 1923, Chapter 77, Section 32) which provided that after the probate or rejection of a will by a county court "a person interested, who was not a party to the proceeding, may, within five years proceed by bill in equity to impeach or establish the will * * *. If no such bill be filed within that time, the sentence or order shall be forever binding." By Code 1931, 41-5-11, the time for filing such bills was reduced to two

years. The effective date of the new statute was January 1, 1931. It is to be noted that this change in the statute took place within about two months after the probate of the will. Query: Which statute controls the plaintiff's right as to the time within which he could, by bill in equity, challenge the purported will—the two years' statute or the five years' statute?

We are of opinion that the plaintiff continued to have five years after the probate of the will within which period to institute suit for impeachment. At the time of the probate the plaintiff's right to sue within five years came into being. Such right must not be deemed to have been interrupted by the statute which became effective about two months later, unless it clearly appears from the new statute itself that it was intended to be retroactive. The statute discloses no such legislative intent. The case of *Harrison* v. *Harman*, 76 W. Va. 412, 85 S. E. 646, states the applicable rule. In that case there was involved the question of the time within which a bill could be filed to review a decree which had been entered in 1901. When the plaintiff in the bill of review became of age in 1908 the statute permitted a person, recently an infant, to file a bill of review within three years after attaining majority. In 1909, the legislature reduced the period from three years to one year. The complainant filed her bill of review within three years, but more than one year, after coming of age. The court sustained her claim of right to maintain the suit, and held: "Statutes of limitations will not be given a retroactive effect unless by express terms, or by necessary implication, it clearly appears that the legislature intended that they should so operate."

The demurrants place much reliance on the case of *McClintic* v. *Ocheltree*, 4 W. Va. 249. That was a suit by several persons to impeach a will which had been probated in 1840. Two of the plaintiffs had attained their majority between the date of probate and the date of institution of the suit. At the time of the probate, a statute of Virginia allowed to infants seven years after attaining majority to institute such suit. After the pro-

bate of the will, but while the two stated persons were infants, the statute was changed, reducing the period from seven years to one year, within which such suit might be brought after attainment of majority. When the suit was instituted, about three years had elapsed after the younger of the said two plaintiffs had become twenty-one years of age. This court held that the plaintiffs were bound by the amended statute reducing the time to one year, and, therefore, they instituted their suit too late. The decision, we think, was sound because the statute was changed while the parties were infants. When they became of age they were entitled to the privileges of the statute then in effect (the new statute), without regard to what may have been the provisions of a statute in effect some years previously.

The situation at bar is entirely different from that case. Here, the new statute, cutting down the limitation period, was enacted immediately following probate and after the plaintiff had come into the enjoyment of his privilege to undertake impeachment of the will. That privilege, having been given by an earlier statute, could, of course, have been curtailed by later legislative enactment even after right of action arose, but such will not be presumed to have been the legislative intent. *Harrison* v. *Harman, supra.*

Repealer sections of the new Code also have bearing on the instant situation. All acts of a general nature in effect on the day preceding the effective date of the new Code were repealed, subject to exceptions and limitations stated in the statute. Code 1931, 63-1-1. The next section provides: "Such repeal shall not affect * * * any right established, accrued, or accruing, before the day this Code takes effect * * *." Code 1931, 63-1-2.

If the new statute (Code 1931, 41-5-11), reducing from five to two years the period within which there may be filed a bill to impeach a will, affected the plaintiff only in respect of remedy or procedure, the principle stated in the *Harrison-Harman* case, *supra,* is applicable and controlling. But if the plaintiff's position was on higher plane; if immediately following the probate of

the purported will, he enjoyed a right, conferred on him by statute, to seek to impeach the will within five years, the above-quoted provision of the repealer section of the new Code expressly preserves for the plaintiff his stated right. In either aspect, he remains a beneficiary of the five year period.

The second question is whether the suit was brought in time, considering that the bill was not filed until after the expiration of the five-year period.

The defendants insist that, if the five-year limitation is considered by the court to be the applicable period, the filing of the bill nevertheless came too late. It is urged that under the language of the statute not only must the suit be instituted, but the bill must be filed within five years. The language of the statute is that " a person interested, who was not a party to the proceeding, may, within five years proceed by bill in equity to impeach or establish the will * * *." Code 1923, Chapter 77, Section 32. This authorization of a proceeding by bill "within five years" does not carry the requirement that the bill actually be filed within that period. If the suit is begun within the prescribed time, the date of the filing of the bill is not controlling. The statute must be construed in the light of pertinent decisions of the court of last resort of the state. For a long time, it has been the settled law of this jurisdiction that when a bill in chancery is filed, it relates back to the time of issuance of process in the suit. *Finance & Trust Co.* v. *Fierbaugh,* 59 W. Va. 334, 53 S. E. 468. Consult: *Manufacturing Co.* v. *Chewning,* 52 W. Va. 523, 535, 44 S. E. 193. Applying this settled principle to the instant situation, we are of opinion that the plaintiff's bill was not filed too late.

The matters pertaining to the two-year statute and the five-year statute constituted the first and second points of demurrer, respectively. For the reasons stated, we are of opinion that the learned chancellor was in error in sustaining these points of demurrer.

The third ground of demurrer is a challenge of the sufficiency of the bill's allegations charging that the paper writing admitted to probate October 30, 1930, as the last

will of G. F. Canterberry, deceased, was not in fact his last will and testament. The demurrants assert that it appears from the paper filed with the bill as a copy of the purported will of said decedent that he, in fact, had properly executed the original. This deduction from the exhibit is not warranted. The original may, or may not, have been properly executed. Proper determination can in no wise be made from the face of the exhibit. The plaintiff's unequivocal averment that the original paper "bears neither the signature nor the seal of the said G. F. Canterberry, deceased * * * " is sufficient to put the matter on proof. The trial court correctly held that this ground of demurrer was not well taken.

The last assignment of basis of demurrer extends to the portions of the bill which seek an accounting from M. O. Canterberry, devisee, and from Clara A. Canterberry, devisee and executrix under said purported will. This matter cannot properly be included in a bill for the impeachment of the said instrument. Suits of this sort can have but one purpose, namely, to establish or impeach a challenged instrument purporting to be a will. *Ward* v. *Brown,* 53 W. Va. 227, 232, 44 S. E. 488. The trial court correctly sustained the demurrer in this particular.

Thus, having answered the several queries involved on the certification, we reverse the trial court as to points one and two, affirm as to points three and four, and remand the cause for further proceedings not at variance herewith.

*Reversed in part; affirmed in part; remanded.*

KENNA, JUDGE, dissenting:

I am obliged to disagree with the conclusion which has been reached by my brethren in this case.

Our statute (Code, 41-5-11) providing that a bill in chancery may be filed within two years for the purpose of impeaching the probate of a will, is not a statute of limitations. It is a statute conferring equity jurisdiction, and whoever seeks to invoke that jurisdiction under the statute must comply strictly with its terms. This, I believe, is well nigh the universal holding concerning

statutes which relate to probate jurisdiction, and in my opinion it is distinctly laid down in this state in the case of *McVey* v. *Butcher*, 72 W. Va. 526, 78 S. E. 691. It is true that case did not concern this identical statute, but it did concern section 25, chapter 77, Code of 1906, providing for the admitting to probate in this state of foreign wills and the time within which such probate could be attacked. In that case, the point was raised that the statute should be construed as a statute of limitations. The court directly held to the contrary, citing the authorities to the effect that probate proceedings generally are governed by statute and that such statutes are grants of jurisdiction and not statutes of limitation. Being statutes which grant a right to invoke equity jurisdiction, it is within the power of the legislature at any time to withdraw that jurisdiction. The lack of time at my disposal prevents me from citing the large number of authorities available upon this proposition, but I refer particularly to the case of *Spaulding* v. *White,* 173 Ill. 127, 50 N. E. 224, because that case involved principles and facts almost exactly parallel with those involved in the case at bar. In that case, a will had been probated in March, 1894. That probate was attacked by a proceeding brought in March, 1897. At the time of the probate, the statute provided that proceedings attacking probate could be brought within three years. Before the proceeding attacking the probate was brought, the legislature had reduced the period for the bringing of such proceedings to two years. The Supreme Court of Illinois applied the latter statute, holding, after citing authorities, that it was not a statute of limitations but a statute conferring jurisdiction, and hence that the legislature had power to change it at any time. The court, in its opinion, further states that even though the statute might be regarded as a statute of limitations, still, inasmuch as the plaintiff's right was not barred by the shorter period at the time the new statute was passed, but to the contrary, thereafter the plaintiffs had a reasonable time within which to bring their suit under the new statute, their rights were governed by it, and not by the statute in ef-

fect at the time of probate. This case, it seems to me, is directly in point with the instant case.

Being of the opinion that the statute is the grant of a right to invoke equity jurisdiction which may be done under its terms only within a limited time, I think that the new statute requiring the assertion of such jurisdiction within two years is the statute that governs. But supposing that we take the view expressed in the majority opinion to the effect that the exception contained in the repealer provision of the 1931 Code, saves to the plaintiff the right to invoke equity jurisdiction to attack the probate within the period prescribed by the old statute, the question then arises, have they done this, as is required, in strict conformity with the terms of the old statute? The statute requires that their *bill be filed* within five years from the date of the order of probate. In this case, that was not done. It is true that the suit was brought and process was issued within the five-year period. The statute says that the bill must be filed within that period. The position taken in the majority opinion to the effect that the filing of the bill relates back to the issuance of process, is based upon cases which concern only the general equity jurisdiction of the court. None of the cases cited relates to specially conferred statutory jurisdiction. Such jurisdiction can be invoked only in strict conformity with the terms of the statute which creates it. In the case of *McVey* v. *Butcher,* 72 W. Va. 526, 78 S. E. 691, cited above, the proceeding *had been brought* within the time required by the statute. But the statute there under consideration conferred the right to have the order of probate *set aside within* five years. Adhering to the rule of strict compliance, this court held that although the proceeding was brought within five years, the jurisdiction of the court lapsed at the expiration of that period, and therefore that an order entered after that time was invalid. Following what seems to me to be the clear analogy of that case, I think that here the language of the statute requiring the bill to be filed within five years is to be taken literally and strictly, with the result that the plaintiff's right to attack the probate is barred.

Of course, if we take the view that the exception in the repealer provision of the Code of 1931 has no application, we reach the same result, in my view of the case.