C. W. McKINLEY *et al. v.* ORPHA QUEEN *et al.*

(No. 9447)

Submitted April 13, 1943. Decided May 18, 1943.

*Powell, Clifford &' Jones* and *Catherine C. Clifford,* for appellants.

*Johnson & Johnson* and *Charles B. Johnson,* for appellees.

LOVINS, JUDGE:

On the 1st day of December, 1939, the County Court of Harrison County in a proceeding *ex parte* under Code, 41-5-10, admitted to probate the purported will of Thomas Jefferson McKinley, deceased. The writing admitted to probate devised specific real estate to all McKinley's children, except Orma McKinley Vanscoy, and also bequeathed two hundred dollars each to Louis and Goldie Cox. This suit was commenced on the 21st day of November, 1941, by the issuance of a writ naming certain interested parties and all the beneficiaries in the testamentary writing, except Louis and Goldie Cox. The writ was returnable to December rules, 1941, and service thereof was had on all defendants named therein, except Orpha Queen and Charles G. Queen, who being nonresidents were served by order of publication.

On December 1, 1941, that being the first day of December rules, appellants filed in the office of the Clerk of the Circuit Court of Harrison County a writing denominated "amended praecipe", which directed the issuance of a writ returnable to January rules, 1942. In the last-mentioned writ all of the original parties were named and, in addition thereto, Louis and Goldie Cox were designated parties defendant. Personal service of the

writ issued December 1, 1941, was made of Goldie Cox, but as to Louis Cox there was no return. No service on the last-mentioned writ was had on the other parties defendant. At January rules, 1942, an alias writ was issued as to Louis Cox, which was returned January 10, 1942, indorsed "not found". The record discloses no further attempt to bring Louis Cox into the suit.

The bill of complaint, filed at January rules, 1942, sought to impeach McKinley's will under Code, 41-5-11, on the ground that the testator was of unsound mind at the time of the execution of said will. A decree directing an issue of *devisavit vel non* was made September 8, 1942. Orpha McKinley Queen and Opal Oelze, two of the parties defendant, appeared on September 10, 1942, filed a written motion to set aside the decree of September 8, and asked leave to demur to the bill on the ground that said bill was not filed within two years from the date of the order of probate of the McKinley will. The trial chancellor sustained the motion to set aside the decree of September 8, 1942, and permitted defendants orally to "demur" to the bill on the ground hereinabove stated, and by the same order fixed a date for a hearing on the "demurrer". Thereafter the trial chancellor, no written demurrer being filed, entered a decree sustaining the "demurrer" and dismissing the bill of complaint, to review which decree this appeal was granted.

In addition to the questions raised by the appellants' contentions hereinafter appearing, we think it necessary to determine whether we may look to the writ commencing the suit. Oyer of the writ does not appear in the record.

The historical background of the procedure formerly necessary for issuance of a writ commencing a suit and one commencing an action is one reason for holding that the former is intrinsically a part of the record, and that the latter is not so without oyer first had. A writ commencing a suit in equity under the English practice did not issue until the bill of complaint was filed. *Blowpipe Co. v. Spencer*, 46 W. Va. 590, 597, 33 S. E. 342. At com-

mon law a writ commencing an action was obtained by filing a praecipe, the function of which was to procure issuance of the writ. Burke's Pleadings and Practice, 3rd Ed., page 48. It suffices to say that the distinction hereinabove noted as to the issuance of writs has been removed by statute. Code, 56-3-4; *Geiser Mfg. Co. v. Chewning*, 52 W. Va. 523, 535, 44 S. E. 193.

In an action at law the writ is not a part of the record without oyer thereof. *Snyder* v. *Philadelphia Co.*, 54 W. Va. 149, 46 S. E. 366, 63 L. R. A. 896, 102 Am. St. Rep. 941, 1 Ann. Cas. 225. It would seem that the same rule was partially applied with reference to a writ commencing a suit in equity. In the case of *Wilson* v. *Ritz*, 96 W. Va. 397, 400, 123 S. E. 63, 64, it was said: "In default judgments or decrees the process including the return becomes a part of the record, but not so except in cases of default". This Court in the case of *Wildasin* v. *Long*, 74 W. Va. 583, 587, 82 S. E. 205, 206, speaking by Judge Miller, stated a rule which is partially in conflict with that announced in *Wilson* v. *Ritz, supra*. We quote from the opinion in the *Wildasin* case: "In equity cases, we think the summons is a part of the record for all purposes. Section 6 of Chapter 135, Code 1906, relating to the making up of records for appeals to this Court so implies". The statute mentioned in the foregoing quotation from the *Wildasin* case was in existence at the time of the formation of the State, and when the decision in that case was made was not applicable to actions at law. In the year 1915, Section 6, Chapter 135 Code, was amended and reenacted so that by implication it applied to actions at law, as well as suits in equity. Section 6, Chapter 69, Acts of 1915. With slight changes the reenacted statute was incorporated in the Code of 1931, Code, 58-5-7. We think Code, 58-5-7, and prior enactments from which it is derived, furnish an additional reason for holding that a writ commencing a chancery suit is a part of the record. Considering the difference in the historical background of the two writs, the conclusion reached in the *Wildasin* case and the provisions of Code, 58-5-7, we disapprove the

statement in the opinion in *Wilson* v. *Ritz, supra,* in so far as it applies to writs commencing a suit, approve the holding in the case of *Wildasin* v. *Long, supra,* and conclude that a writ commencing an equity suit is a part of the record. Hogg's Equity Procedure, 3rd Ed. (Miller), Vol. 1, Section 341. In view of the provisions of Code, 56-3-4 and 58-5-7, no reason is perceived why a writ commencing an action at law should not be considered a part of the record without oyer, but that question is not before us.

On looking to the writ herein, it appears that one writ was issued within two years after the probate of the will and that another was issued after the expiration of that period. The effort made by the appellants to cure a nonjoinder of party defendants by resorting to "an amended praecipe" is of doubtful effect as to commencing a new suit. An original writ cannot be altered to bring in new parties in the absence of statutory authority. *Agee* v. *Railroad Co.,* 98 W. Va. 109, 126 S. E. 564.

The issuance of process dated December 1, 1941, adding the names of Louis Cox and Goldie Cox, as parties defendant, did not amount to an alteration of the first writ and apparently was done for the sole purpose of curing a nonjoinder of parties defendant. Code, 56-4-34, provides a simple and sufficient method by which the joinder of any party necessary for final and complete determination of the suit may be effected. The writ dated November 21, 1941, having been served on all the named defendants, the writ subsequently issued with two parties defendant added is not an alias writ. Code, 56-3-21; *Gorman* v. *Steed,* 1 W. Va. 1. We are aware that the holding in the *Gorman* case is said to be obiter. *Dunaway* v. *Lord,* 114 W. Va. 671, 673, 173 S. E. 568. Nevertheless, a correct legal principle is stated therein; the Court there citing Section 3, Chapter 170, Code of Virginia, 1860, the terms of which are identical with Code, 56-3-21.

The appellants did not dismiss their suit commenced November 21, 1941, but undertook to effect a joinder of parties defendant by issuance of an additional writ. Such procedure is not authorized, and we regard the

issuance and service of the writ dated December 1, 1941, as having no legal effect on the questions involved in this appeal. As to the effect of omission of necessary parties and their joinder after the expiration of two years, see *Jackson* v. *Jackson*, 84 W. Va. 100, 110, 99 S. E. 259.

The appellants in substance say that the question of the trial court's jurisdiction was not properly raised, there being no written demurrer, as contemplated by Code, 56-4-36, and that the trial court was in error in holding that it was without jurisdiction.

On the question of a written demurrer it is obvious that the plain terms of Code, 56-4-36, when strictly applied, require that a demurrer in writing be filed before the sufficiency of a pleading questioned thereby can be considered and determined. See *Duncan* v. *Coal Co.*, 114 W. Va. 388, 391, 174 S. E. 370.

The substance of a pleading in an equity cause, rather than its form or the name given such pleading, is controlling as to the legal effect of the same. *Finance & Trust Co.* v. *Fierbaugh*, 59 W. Va. 334, 53 S. E. 468. Notwithstanding that Orpha Queen and Opal Oelze stated in their written motion their intention to demur to appellants' bill and the order of the trial court recites that a demurrer was considered and sustained, we do not regard such procedure as constituting a demurrer. In substance the two named appellees moved the trial court to dismiss the suit for lack of jurisdiction of the subject matter of the suit; hence, the contention relative to Code, 56-4-36, requiring a written demurrer loses its pertinency and is not decided.

The time elapsing between the probate of McKinley's will and the filing of the bill of complaint does not appear on the face of the bill. On the back of the pleading the Clerk of the Circuit Court of Harrison County attests that the bill was filed at January rules, 1942. The grounds urged in support of the motion to dismiss go to the jurisdiction of the subject matter; otherwise the lack of jurisdiction could only be made to appear by a plea in abatement. Code, 56-4-33; *Page* v. *Huddleston*, 98 W. Va. 104, 126 S. E. 579. Having in mind the limited time for filing

a plea in abatement, an instance may occur wherein it is disclosed that a court is devoid of jurisdiction but such disclosure comes too late for a litigant to avail himself of the plea. We ask: Will a court be required to pronounce a final decree or render a final judgment which is undoubtedly void? We think not. Lack of jurisdiction of the subject matter may be raised in any appropriate manner, *Charlotten* v. *Gordon,* 120 W. Va. 615, 618, 200 S. E. 740; and at any time during the pendency of the suit or action. *Buskirk* v. *Ragland,* 65 W. Va. 749, 65 S. E. 101; *Cresap* v. *Kemble,* 26 W. Va. 603; *Moorehead* v. *De Ford,* 6 W. Va. 316. We conclude that the trial court's jurisdiction was legally and timely challenged.

The basic question in issue is whether the trial court had jurisdiction of the suit, and arises from the fact that the bill of complaint was actually filed after the expiration of two years from the date of the order of probate made by the county court.

A court of equity has no inherent jurisdiction to hear and determine a suit for the impeachment of a will. *Coalter* v. *Bryan,* 1 Gratt. 18, 78. Jurisdiction now exercised by courts of equity in this State is conferred by Code, 41-5-11. As to whether the right, the remedy, or both are limited by the statute, the following quotation is apropos: "The method and right of impeaching a will depends upon this statute. The very right itself is provided by the statute and the statute which creates the right prescribes a special limitation upon that right—the time within which the right can be exercised. The statute which confers the right fixes the period within which the right may be enforced and the limitation is of the right as well as of the remedy". *Branch* v. *Branch,* 172 Va. 413, 2 S. E. 2d 327, 329. The statute to which the Court referred in the foregoing quotation is essentially the same as Code, 41-5-11. Also consult: *Spaulding* v. *White,* 173 Ill. 127, 50 N. E. 224; *Waters* v. *Waters,* 225 Ill. 559, 80 N. E. 337. A similar conclusion was reached in applying a statute of like import in the case of *McVey* v. *Butcher,* 72 W. Va. 526, 78 S. E. 691. In the case of *Canterberry* v. *Canter-*

*berry,* 118 W. Va. 182, 189 S. E. 139, 697, in passing on a question identical with that now discussed in the instant case, the Court apparently regarded the limitation relative to filing a bill as a limitation of the remedy only. We are now convinced and so conclude that the two-year limitation on filing a bill is a limitation of the right as well as the remedy, and the *Canterberry* case is accordingly modified.

The purpose of the requirement that a bill of complaint be filed within two years of the date of probate is to accelerate the settlement of estates. We have no doubt that a suit to impeach a will must be commenced within two years from the date of the order of probate entered by the county court. Formerly, as hereinbefore indicated, the filing of a bill in chancery preceded the issuance of the writ, hence the date of filing the bill was controlling. This sequence has been changed by statutory provisions, but it is a rule of equity procedure that the bill, when filed, relates back to the time when the writ was issued. *Finance & Trust Co.* v. *Fierbaugh, supra; Gray* v. *Gray,* 120 W. Va. 498, 501, 199 S. E. 361. The above-mentioned procedural rule was approved and applied by this Court in a suit to impeach a will. *Canterberry* v. *Canterberry, supra.*

But it is here argued that the statute (Code, 1923, Chapter 77, Section 32), held applicable in the *Canterberry* case was changed by revision of the Code in 1931. It is true that the provisions of Code, 41-5-11, are couched in different language from that of Section 32, Chapter 77, Code of 1923, and that the period of limitation relating to filing a bill of complaint is changed from five years to two years. Otherwise the two statutes are essentially the same, and the changes made by the revision of the Code in 1931 are not sufficient to require a conclusion different from that reached in the *Canterberry* case.

The filing of the bill of complaint relates back to the time of issuance of the writ. It follows that the trial court has jurisdiction of this suit.

The final decree of the Circuit Court of Harrison County is reversed and the cause remanded for further proceedings.

*Reversed and remanded.*