# CHARLESTON.

MATHEWS et als. v. WYOMING LAND CO. et al.

Submitted October 1, 1918.    Decided October 8, 1918.

1. INFANTS—Action Against—Appointment of Guardian Ad Litem.

  Where a bill for specific performance of a contract for the pur-
chase of land makes the infant heirs of the vendor parties defend-
ant by name, and shows on its face matter within the jurisdiction
of the court, and the final decree, granting relief to plaintiff
and appointing a special commissioner to convey the title to him,.
recites that the cause was heard upon the bill, answer of the
guardian ad litem for the infant defendants, naming him, and
depositions of witnesses, such recital is conclusive evidence of the
appointment of such guardian ad litem and the filing of a proper
answer by him, nothing contradictory thereof appearing in the
record. The mere absence of such answer from the record does not
contradict such recital.   (p. 674).

2. QUIETING TITLE—Who May Maintain Suit.

  One having no title to land cannot maintain a suit to remove a
cloud therefrom.   (p. 676).

  (RITZ, JUDGE, Absent.)

Appeal from Circuit Court, Wyoming County.

Bill by William Mathews and others against the Wyoming
Land Company and others.  Decree for defendant land com-
pany, and plaintiffs appeal.

*Affirmed.*

*N. H. Hairston* and *Russell S. Ritz* for appellants.

*E. W. Knight, Jos. I. Doran, Joseph S. Clark, A. W. Rey-
nolds, M. P. Howard, Colonel Childers, H. A. McCarthy, J.
L. Bumgardner, J. H. Hatcher* and *G. A. Wingfield* for ap-
pellee.

WILLIAMS, JUDGE:

Claiming title, as the heirs of John Mathews, deceased, to
a tract of 62 acres of land situate in Wyoming County,.
plaintiffs brought this suit against the Wyoming Land Com-
pany et al. to cancel certain deeds constituting defendant's.
chain of title to said land, as a cloud upon their title and,

incidentally, to enjoin the prosecution of an action of eject-ment brought by the Wyoming Land Company to recover possession of said land. On final hearing on pleadings and proof, the court denied relief to plaintiffs and dismissed their bill, and they have appealed.

Plaintiffs' ancestor, John Mathews, departed this life some time in the year 1873, leaving a widow and these plaintiffs, then infants of tender years, as his heirs at law. Defendant Wyoming Land Company also claims title, mediately, from John Mathews, deceased, by various conveyances, the origi-nal being a deed from J. Speed Thompson, special commis-sioner, bearing date 1st of March, 1877, authorized by a de-cree of the County Court of Raleigh County, made 12th of January. 1876, in a suit in chancery, in which Jacob Smith was plaintiff and the administrator *de son tort,* the widow, and these plaintiffs as the heirs of John Mathews, deceased, were' the defendants. That was a suit to compel specific per-formance of a contract of purchase of the land by Jacob Smith from John Mathews in his life time. The bill alleges that the land lay in Raleigh County. The court decreed the relief prayed for, and, it appearing that Jacob Smith had sold his equity in the land to William Smith, directed the special commissioner, whom it appointed to make the deed, to convey the land to Jacob Smith's vendee, which was done by the deed above mentioned.

The bill in the present suit proceeds upon the theory that the decrees made in that cause were absolutely void, for the alleged reason that the plaintiffs were then infants and no guardian ad litem was appointed and no answer filed for them, and that the special commissioner's deed did not operate to divest them of title. They also claim that they have continued in undisturbed possession of the land from that day to this, but have not had the land entered on the land books in the name of their ancestor or themselves, nor paid any taxes thereon since the time of that suit. However, they claim that the payment of the taxes by the defendant, and those under whom it claims, inures to their benefit and has prevented a forfeiture of their title to the State.

The decree in the Raleigh County suit was made more than

.forty years ago and had never been reviewed or reversed. ·At. that time county courts of this state were judicial courts having general jurisdiction. They had original jurisdiction in all actions at law, where the controversy exceeded $20.00, and in all suits in equity; and, in their proceedings, were required to conform, as nearly as may be, to the practice in circuit courts in like cases. Acts 1872-3 of West Virginia Legislature, Ch. 13, Secs. 3 and 7; *Dryden* v. *Swinburn*, 15 W. Va. 234; *Fowler* v. *Thompson*, 22 W. Va. 106; and *Mayor* v. *Adams*, 27 W. Va. 44. Being a court of general jurisdiction, and the bill upon its face in that suit showing matter proper for the court's consideration, want of jurisdiction could only be taken advantage of by plea in abatement. *Empire Coal & Coke Co.* v. *Hull Coal & Coke Co.*, 51 W. Va. 474. Moreover, all fair and reasonable presumptions must be indulged in favor of the regularity of its proceedings. *Central District Printing & Telegraph Co.* v. *Parkersburg & Ohio Valley Electric Ry. Co.*, 76 W. Va. 120, and cases cited at page 123 of the opinion; and 11 Ency. Dig. Va. & W. Va. Cases, page 335.

Plaintiffs exhibit with their bill a transcript of the record of that suit, and it does not contain a copy of the answer of a guardian ad litem for the infants, and counsel insist that because no copy of an order appointing a guardian ad litem and no answer by him appear in the record, none was appointed and no answer in fact filed. Hence, they say, no jurisdiction of the infants was acquired in that suit. This conclusion is a *non sequitur*. The bill made the infants parties by name, and averred their infancy, and the final decree recites that the cause was heard ''upon the bill exhibits filed and depositions of witnesses and the answer of James H. McGinnis, guardian ad litem for the infant defendants.'' There being no part of the record contradicting this recital, ·or showing it to be· erroneous, it must be taken as true. It does not follow, because the answer was not found in· the record, that none was ever filed. · It may have been lost out of the record The only record evidence on the subject, the solemn statement in the decree, shows that one was filed, and it must be accepted as conclusive evidence of that fact.

Authorities cited, supra. That recital in the decree is a recognition of the authority of James H. McGinnis to act as guardian ad litem for the infant defendants and is sufficient evidence of his appointment as such by the court. It recognized him as such guardian ad litem and shows that he brought to the court's attention the interests of the infants, and there is no contention that they were not fully, fairly and properly considered by it. *Beverlys* v. *Miller,* 6 Munf. 99. Counsel cite and rely upon the case of *Hull* v. *Hull,* 26 W. Va. 1, as authority for the proposition that the recital in the decree of the filing of the answer does not establish the fact. But that case differs materially from the present case. There the answer itself appeared as a part of the record and was fatally defective. Thus one part of the record contradicted another part, and the answer itself, being the best evidence, prevailed over the mere recital in the decree. Here no answer appears, and the only evidence of the filing of one is the recital in the decree. The learned judge who wrote the opinion in the Hull case recognized the distinction we here make. In his opinion, on page 26 of the report, JUDGE GREEN says: "If the record had not shown what was the answer filed by the guardian ad litem, but it had been lost, and the decree stated it had been filed. then it might have been presumed, that it was a proper answer and sworn to. But as the record showed on its face what was the answer of the guardian ad litem, and that it was not sworn to, there was no room left for presumptions."

The decree not being void for want of jurisdiction, either of the parties or the subject matter, plaintiffs' title to the land passed by the special commissioner's deed. Having no title they cannot maintain this suit. *Stockton* v. *Craig,* 56 W. Va. 464; *Mills* v. *Henry Oil Co.,* 57 W. Va. 255; and *Wallace* v. *Elm Grove Coal Co.,* 58 W. Va. 449.

Perceiving no error in the decree appealed from, it will be affirmed.

*Affirmed.*