619 S.E.2d 209

**STATE of West Virginia ex rel. TERM-NET MERCHANT SERVICES, INC., a Foreign Corporation, Defendant Below, Petitioner**

v.

**The Honorable Philip B. JORDAN, Circuit Judge of Tucker County, West Virginia, and Yvonne Marson, Plaintiff Below, Respondents**

No. 32652.

Supreme Court of Appeals of West Virginia.

Submitted: June 8, 2005.

Decided June 30, 2005.

**698**

Robert J. Ridge, Chad A. Cicconi, Thorp Reed & Armstrong, L.L.P., Wheeling, for the Petitioner.

Frank P. Bush, Jr., Law Offices of Frank P. Bush, Jr. & Associates, Elkins, for the Respondents.

ALBRIGHT, Chief Justice:

By way of this petition, TermNet Merchant Services, Inc. (hereinafter referred to as "Petitioner") seeks a writ of prohibition and mandamus directed against the judge of the Circuit Court of Tucker County and Yvonne Marson (hereinafter referred to collectively as "Respondents").[1] The purposes for obtaining the writs is to secure relief from existing judgments for contempt sanctions against Petitioner for failing to respond to interrogatories in aid of execution and to prevent issuance of further judgments or imposition of additional sanctions unless Petitioner is afforded criminal procedural protections. After review of the record[2] and briefs of the parties, contemplation of the matters raised during oral presentations and full consideration of the applicable law, we find that the lower court lacked jurisdiction to rule on the motion to compel compliance with the discovery request, which regrettably but necessarily leads to the conclusion that the contempt orders and judgments at issue are void. Accordingly, a writ of prohibition, as moulded, is granted.

## I. Factual and Procedural Background

Default judgment was awarded Ms. Marson by the Circuit Court of Tucker County on November 9, 2001, in an action brought by Ms. Marson[3] against Petitioner for failing to process credit card sales transactions. Petitioner used various maneuvers to attack the judgment, all of which the court below determined were unfounded.[4] Petitioner's appeal of the default judgment to this Court also proved unavailing.[5] Thereafter, Petitioner has attempted to attack the West Virginia judgment in the state court of Georgia.[6]

1. The petition also contained a motion for stay of proceedings below upon which no action was taken.

2. During oral argument, questions were raised regarding how the interrogatories in aid of execution were procedurally handled. Both because the answers received were incomplete and the limited record accompanying the petition did not satisfy the inquiry, this Court directed the Clerk to obtain relevant supplemental information from the case record maintained by the clerk of the circuit court. The Court takes judicial notice of this information as a public record.

3. The initial case was captioned *Yvonne Marson d/b/a Third Street Trading Company v. TermNet Merchant Services, Inc.*, No. 01–C–28.

4. Petitioner initially filed a motion to set aside the default judgment. When the motion to set aside was denied, Petitioner filed a motion to reconsider which met the same fate. Petitioner then filed a second motion to reconsider and a motion for a new trial, which were also denied.

5. On January 22, 2003, this Court by unanimous vote refused to hear the appeal.

6. Undaunted by its repeated defeats, Petitioner filed suit in a Georgia state court, attempting to have the judgment set aside on various grounds which had already been raised and litigated in this state. The suit, which was removed to a federal district court in Georgia, resulted in summary judgment against Petitioner, from which Petitioner has filed an appeal with the United States Eleventh Circuit Court of Appeals.

The docket sheet maintained by the Tucker County Circuit Court reflects that Ms. Marson took several steps to enforce the judgment, including obtaining an abstract of judgment, a writ of execution and a suggestion. The docket sheet also reflects that a Certificate of Filing dated October 23, 2002, signed by Ms. Marson's counsel, was received in the circuit court clerk's office on October 24, 2002. The Certificate of Filing as submitted as an exhibit with Ms. Marson's response brief reads as follows:

> Pursuant to the General Order pertaining to dispensing with filing of discovery matter in all civil actions in the Circuit Court of Tucker County, I, Frank P. Bush, Jr., counsel of record for Plaintiff, YVONNE MARSON, t/dba THIRD STREET TRADING COMPANY, did on the 23rd day of October, 2002, serve Defendant's counsel with "Plaintiff's Interrogatories in Aid of Execution", by depositing a true copy, in the United States mail, postage prepaid, to the office of Pat A. Nichols. The originals have been retained in our possession, as per the above-referenced order.

After this Court refused to hear the appeal of the default judgment, Petitioner filed a partial answer to Ms. Marson's interrogatories along with a motion for a protective order. Finding the answer inadequate, Ms. Marson's counsel filed a motion to compel an answer. After notice and hearing, the motion to compel was granted on April 11, 2003; Petitioner failed to comply with the order. By order dated June 24, 2003, a sanction of $250 a day was imposed by the court below for every day after July 1, 2003, that Petitioner refused to comply by responding fully to the interrogatories. Petitioner continued to refuse to so respond and the lower court incrementally increased the sanction to reach the $3,500 per day sanction now in place. Additionally, on May 13, 2004, the lower court reduced the contempt sanctions to a judgment in the amount of $230,000; on October 24, 2004, another judgment was entered against Petitioner for contempt sanctions totaling $367,000. Petitioner filed a motion pursuant to Rule 60(b) of the West Virginia Rules of Civil Procedure seeking relief from the judgment orders involving the sanctions. As Petitioner continued to resist compliance with the order of the court to respond to discovery, Ms. Marson filed a fifth motion for contempt in February 2005.

The lower court held a hearing on the Rule 60(b) and contempt motions on March 24, 2005. According to Petitioner, its due process right to a jury trial was asserted by its counsel at this hearing prior to the lower court announcing its decision. Before the lower court's order was issued, Petitioner sought relief in this court by the instant action. The court below subsequently issued an order dated April 6, 2005, regarding the March 24, 2005, hearing in which it is stated: "This Court has never before been put in a position of having to impose a civil contempt of such magnitude. But the Court's only alternative is to sit back and permit Termnet to make a mockery of this Court and this State." The lower court then proceeded to deny Petitioner's Rule 60(b) motion to set aside the accumulated contempt sanctions.

## II. Standard of Review

In this proceeding, Petitioner seeks relief in mandamus and prohibition. "A writ of mandamus will not issue unless three elements coexist—(1) a clear legal right in the petitioner to the relief sought; (2) a legal duty on the part of respondent to do the thing which the petitioner seeks to compel; and (3) the absence of another adequate remedy." Syl. Pt. 2, *State ex rel. Kucera v. City of Wheeling*, 153 W.Va. 538, 170 S.E.2d 367 (1969). Mandamus relief is not appropriate under the circumstances before us as there is a threshold jurisdictional question disclosed by the pleadings, arguments and record concerning the institution of the contempt proceedings which was not raised or demanded by Petitioner. In appropriate situations, this Court has chosen to treat petitions for extraordinary relief according to the nature of the relief sought rather than the type of writ pursued. *See e.g. State ex rel. Conley v. Hill*, 199 W.Va. 686, 687 n. 1, 487 S.E.2d 344, 345 n. 1 (1997) ("Although this case was brought and granted as a petition for mandamus, we choose to treat this matter as a writ of prohibition. *See State ex rel. Ranger Fuel Corp. v. Lilly*, 165 W.Va. 98, 100, 267 S.E.2d

435, 436 (1980); *see also Carr v. Lambert,* 179 W.Va. 277, 278[n. 1], 367 S.E.2d 225, 226 n. 1 (1988)."); *State ex rel. Mobil Corp. v. Gaughan,* 211 W.Va. 106, 110, 563 S.E.2d 419, 423 (2002); *State ex rel. Riley v. Rudloff,* 212 W.Va. 767, 770 n. 1, 575 S.E.2d 377, 380 n. 1 (2002). Upon consideration of the issues raised by this case, we find that the more appropriate relief lies in a writ of "prohibition ... [as its purpose is] to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers...." Syl. Pt. 1, in part, *Crawford v. Taylor,* 138 W.Va. 207, 75 S.E.2d 370 (1953); *see also* W.Va.Code § 53-1-1 (1923) (Repl. Vol. 2000). As jurisdictional issues are questions of law, our review is de novo. Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.,* 194 W.Va. 138, 459 S.E.2d 415 (1995).

### III. Discussion

Petitioner's reason for requesting our review is to obtain relief from the imposition of contempt orders, reduced to money judgments, for its refusal to answer interrogatories in aid of execution of the default judgment awarded in an underlying proceeding. As part of this request, Petitioner has urged we delineate the magnitude of contempt sanctions which warrant heightened due process protections afforded criminal prosecutions. However, we will not reach this subject as we find the dispositive issue in this case is whether the lower court was acting within its legitimate powers when the contempt orders were entered. Although the parties did not challenge the authority of the court below to act, "[l]ack of jurisdiction of the subject matter may be raised in any appropriate manner ... and at any time during the pendency of the suit or action." *McKinley v. Queen,* 125 W.Va. 619, 625, 25 S.E.2d 763, 766 (1943) (citation omitted). As to the appropriate manner by which the lack of subject matter jurisdiction is raised, we have said that "[l]ack of jurisdiction may be raised for the first time in this court, when it appears on the face of the bill and proceedings, and it may be taken notice of by this court on its own motion." Syl. Pt. 3, *Charleston Apartments Corp. v. Appalachian Elec. Power Co.,* 118 W.Va. 694, 192

S.E. 294 (1937); *see also* Syl. Pt. 2, *In re Boggs' Estate,* 135 W.Va. 288, 63 S.E.2d 497 (1951) ("This Court, on its own motion, will take notice of lack of jurisdiction at any time or at any stage of the litigation pending therein."); Syl. Pt. 1, *Dawson v. Dawson,* 123 W.Va. 380, 15 S.E.2d 156 (1941). The urgency of addressing problems regarding subject-matter jurisdiction cannot be understated because any decree made by a court lacking jurisdiction is void. Syl. Pt. 5, *State ex rel. Hammond v. Worrell,* 144 W.Va. 83, 106 S.E.2d 521 (1958), *rev'd on other grounds, Patterson v. Patterson,* 167 W.Va. 1, 277 S.E.2d 709 (1981).

It is apparent from the record and representations during oral arguments that the requisite procedures for filing interrogatories in aid of execution were not followed in this case. With minor rule modifications imposed by this Court, enforcement of judgment actions are subject to legislatively prescribed procedures. Rule 69 of the West Virginia Rules of Civil Procedure, entitled "Executions and other final process; proceedings in aid thereof," expressly provides in relevant part:

(a) *For payment of money.*—Process to enforce a judgment for the payment of money shall be a writ of execution, a writ of suggestee execution and such other writs as are provided by law. The procedure on execution and other such final process, in proceedings supplementary to and in aid of a judgment, and *in proceedings on and in aid of execution or such other final process shall be in accordance with the practice and procedure prescribed by the laws of the State existing at the time the remedy is sought,* subject to the following qualifications:(1) A writ of execution shall be made returnable not less than 30 days nor more than 90 days after issuance, as directed by the person procuring issuance of the writ; and (2) an answer to a summons issued in a suggestion proceeding shall be served upon the plaintiff within 20 days after service of the summons; and (3) a return on a writ of suggestee execution shall be made forthwith on the expiration of one year after issuance of the writ.

(Emphasis added). Article 5 of Chapter 38 of the West Virginia Code sets forth various proceedings that can be used in aid of execution, including: (1) interrogatory proceedings;[7] (2) suggestion proceedings;[8] and (3) suits instituted by judgment creditors.[9] A judgment creditor is entitled to institute interrogatory proceedings to enforce an existing judgment according to the requisite procedures of West Virginia Code § 38–5–1 (1923) (Repl. Vol. 1997), which provides:

> To ascertain the estate on which a writ of fieri facias issued by any court of record, or an execution issued by a justice of the peace [magistrate], is a lien, and to ascertain any real estate in or out of this State to which a debtor named in such fieri facias or execution is entitled, upon application of the execution creditor, the clerk of the court from which the execution issued, or, if it was issued by a justice of the peace [magistrate], the clerk of the circuit court of the county in which such justice resides, shall issue a summons against the execution debtor, or any officer of a corporation execution debtor having an office in this State, or any debtor or bailee of him or it, requiring the execution debtor to appear before a commissioner in chancery[10] (now commissioner) of the county from which the summons issued, or, if the execution creditor so directs, before a commissioner in chancery (now commissioner) of the county in which such execution debtor resides, such commissioner and his county to be named in the summons; or against any debtor or bailee of such execution debtor, requiring such debtor or bailee to appear before a commissioner in chancery (now commissioner) of the county where such debtor or bailee resides, such commissioner and his county to be named in the summons, such appearance to be made at a time and place to be designated therein, to answer upon oath such questions as shall be propounded at such time and place by counsel for the execution creditor, or by the commissioner.

The required duties, responsibilities and authority of a commissioner acting in interrogatory proceedings are further developed in subsequent portions of Article 5.[11]

■ In summary, the fundamental statutory requirements for properly instituting an interrogatory proceeding in aid of execution of a judgment pursuant to West Virginia Code § 38–5–1 include: the existence of an outstanding, unsatisfied writ of fieri facias or execution issued by the clerk of the circuit court; issuance of a summons by the circuit clerk which directs the judgment debtor to appear before a named commissioner at a specific time and place in order to answer questions under oath about the judgment debtor's estate; and service of the summons.[12]

■ Rather than proceeding according to the statutory procedure as directed by Rule 69(a) of the West Virginia Rules of Civil Procedure, Ms. Marson's counsel simply mailed the interrogatories in aid of execution to Petitioner's counsel. It appears Ms. Marson's counsel followed this course under the erroneous assumption that the provisions of Rule 5(d)(2) of the West Virginia Rules of

---

7. W.Va.Code § 38–5–1 (1923) (Repl. Vol. 1997).

8. W.Va.Code § 38–5–10 (1923) (Repl. Vol. 1997).

9. W.Va.Code § 38–5–20 (1923) (Repl. Vol. 1997).

10. By rule, this Court renamed "commissioners in chancery" by providing:

> Commissioners in chancery shall henceforth be known as "commissioners." The practice respecting the appointment of such commissioners and references to them, and respecting their powers and duties, and the powers and duties of courts to hold hearings upon their reports, shall be in accordance with the practice heretofore followed in this State. In all other respects, the action in which a commissioner is appointed, is governed by these rules.

W.Va.R.C.P. 53. *See also* W.Va.Code § 51–5–1 (1923) (Repl. Vol. 2000).

11. W.Va.Code §§ 38–5–3 and 6 (requirements as to the report of a commissioner to the court); W.Va.Code § 38–5–4 (authority of commissioner to order delivery of property); W.Va.Code § 38–5–5 (commissioner's recourse for compelling answers).

12. The initial procedure for service of the summons is set forth in West Virginia Code § 38–5–2 (1923) (Repl. Vol. 1997); *see also State ex rel. Shamblin v. Dostert,* 163 W.Va. 361, 255 S.E.2d 911 (1979).

Civil Procedure,[13] reflected in the general order of the Tucker County Circuit Court, was applicable to post-judgment enforcement proceedings. In the absence of compliance with Rule 69(a) and, therefore, the pertinent provisions of Chapter 38 Article 5 of the West Virginia Code, no lawful inquiry has been made of Petitioner as judgment debtor. While a court has inherent authority to enforce its decrees, which authority extends to the issuance of post-judgment orders and writs to carry a judgment into effect, the power of the court must be properly invoked before a court may act. *See generally* 30 Am. Jur. 2d *Executions and Enforcement of Judgments* § 3 (2005). For interrogatories in aid of execution, the method of invoking the court's authority is set forth in the statutory procedure prescribed by West Virginia Code § 38-5-1—which was overlooked in this case. Consequently, the lower court lacked jurisdiction to compel compliance with the discovery process and to impose sanctions for any failure to comply; the lack of jurisdiction renders these orders void and requires us to issue a writ of prohibition to bar their enforcement.

 Although finding the court lacked jurisdiction to enforce the judgment in the manner by which Ms. Marson proceeded, the underlying judgment in this case is valid and enforceable. When this Court refused to hear Petitioner's appeal of that judgment, it became the law of the case.[14] We are dismayed with Petitioner's refusal to abide by the judgment and even more perturbed with Petitioner's efforts to delay the inevitable by attempting to collaterally attack the judgment in other state and federal courts. While we would hope that Petitioner would satisfy the judgment without further court involvement or delay, Ms. Marson is perfectly within her right to return to the circuit court, follow the proper post-judgment pro-

cesses, and acquire the court's assistance in obtaining satisfaction of the judgment.

## IV. Conclusion

Inasmuch as the lower court lacked jurisdiction, the April 11, 2003, Tucker County Circuit Court order to compel compliance with the interrogatories in aid of execution as well as subsequent contempt orders for failure to comply are void and their provisions unenforceable. Thus moulded, a writ of prohibition is granted.

Writ granted.

---

**13.** Rule 5(d)(2) of the West Virginia Rules of Civil Procedure provides:

> Unless filing [with the court] is required by the court on motion or upon its own initiative, depositions, interrogatories, requests for admissions, requests for production and entry, and answers and responses thereto shall not be filed. Unless required to be filed for issuance of a subpoena for a deposition, a notice of

deposition need not·be filed. Certificates of service of discovery materials shall be filed.

**14.** The law of the case doctrine provides that a prior decision in a case is binding upon subsequent stages of litigation·between the parties in order to promote finality. For a thorough discussion of the law of the case doctrine, *see State ex rel. Frazier & Oxley v. Cummings*, 214 W.Va. 802, 591 S.E.2d 728 (2003).