IN THE SUPREME COURT OF APPEALS OF WEST VIRGINIA

September 2018 Term

_____

No. 17-0618

_____

FILED

November 2, 2018

released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

TOMMY RAY LEWIS, JR.,
Petitioner Below, Petitioner

v.

MUNICIPALITY OF MASONTOWN, WEST VIRGINIA and MASONTOWN POLICE
DEPARTMENT,
Respondents Below, Respondents

_____

Appeal from the Circuit Court of Preston County
The Honorable Lawrance S. Miller, Jr., Judge
Case No. 17-C-60

REVERSED AND REMANDED WITH INSTRUCTIONS
_____

Submitted: October 23, 2018
Filed: November 2, 2018

Lisa R. Hyre, Esq.                          Gail V. Lipscomb, Esq.
Scott Dicken, Student Attorney              Office of Mark Everett, Attorney at Law,
Public Defender Corporation                 PLLC
Kingwood, West Virginia                     Morgantown, West Virginia
Counsel for Petitioner                      Counsel for the Respondents

JUSTICE WALKER delivered the Opinion of the Court.

JUSTICE ALLEN H. LOUGHRY II suspended, therefore not participating.
JUSTICE PAUL T. FARRELL sitting by temporary assignment.

SYLLABUS BY THE COURT

1.      "The standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo*." Syllabus Point 1, *State ex rel. Callahan v. Santucci,* 210 W. Va. 483, 557 S.E.2d 890 (2001).

2.      "In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight." Syllabus Point 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

3.      "Lack of jurisdiction may be raised for the first time in this court, when it appears on the face of the bill and proceedings, and it may be taken notice of by this court on its own motion." Syllabus Point 3, *Charleston Apartments Corp. v. Appalachian Elec. Power Co.*, 118 W. Va. 694, 192 S.E. 294 (1937).

4.      Under Article VIII, § 11 of the West Virginia Constitution and West Virginia Code § 8-11-1, a municipality's authority to prosecute offenses is predicated on its passage of municipal ordinances for which the municipality may prescribe penalties, with the limitation that those penalties, if they include incarceration, may not exceed thirty days.

WALKER, Justice:

Following a traffic stop, Petitioner was arrested by the Masontown Police Department and issued citations for speeding, possession of marijuana, possession of drug paraphernalia, and no insurance. A criminal complaint issued from the Preston County Magistrate Court, but was then dismissed by the State. Eight months after his arrest, a ten-count criminal complaint issued from the Masontown Municipal Court relating to the initial traffic stop. Nearly a year after his initial arrest, when Petitioner became aware that police officers were looking for him to serve the criminal complaint, Petitioner's counsel attempted to contact the municipal court and town attorney, to no avail. Petitioner then filed a petition for writ of prohibition with the Circuit Court of Preston County seeking to prohibit the municipal prosecution on the grounds that he was not prosecuted within the statute of limitations. In response to the petition, Respondents provided Petitioner (for the first time) a copy of the ten-count criminal complaint — issued five months earlier by the municipal court — charging him with violations of the West Virginia Code. After the circuit court denied his petition for writ of prohibition, Petitioner filed this appeal raising his initial complaint that the prosecution was outside the statute of limitations, and also raising two issues of subject-matter jurisdiction. First, he argues that the municipal court lacks jurisdiction to charge him for violations of the West Virginia Code; second, he argues that the municipal court lacks jurisdiction because the case originated in magistrate court. The jurisdiction of municipalities extends only so far as to prosecute violations of municipal ordinances, and the record before us is devoid of any evidence that Masontown adopted, as municipal ordinances, any provisions of the West Virginia Code upon which

1

the complaint against Petitioner is based. Therefore, we reverse and remand with instructions that the circuit court grant the writ of prohibition because the prosecution of Petitioner pursuant to this complaint is in violation of Article VIII § 11 of the West Virginia Constitution and West Virginia Code § 8-11-1(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

On May 12, 2016, two Masontown Police officers stopped Petitioner for speeding. After smelling the odor of marijuana and observing marijuana debris, the officers searched Petitioner's truck. The officers found a loaded firearm with ammunition for which Petitioner had no permit, two 2-ounce bags of marijuana, a digital scale, snorting tubes, marijuana pipes, Flexeril pills and suboxone for which Petitioner had no prescription, and $182.00 in cash. Petitioner was arrested and taken to the Tygart Valley Regional Jail to await arraignment.

The day of his arrest, the officers issued two citations —one for speeding and possession of marijuana, and one for no insurance and possession of drug paraphernalia —for which Petitioner was to present in Masontown Municipal Court. On the same day, the officers also filed a criminal complaint in the Magistrate Court of Preston County arising out of the same traffic stop. The magistrate found probable cause, and Petitioner was arraigned on May 13, 2016. Petitioner was charged in magistrate court with (1) possession with intent to deliver a controlled substance in violation of West Virginia Code § 60A-4-

2

401(a)(ii), (2) possession of a controlled substance in violation of West Virginia Code § 60A-4-401(c); (3) carrying a concealed deadly weapon without a license in violation of West Virginia Code § 61-7-3(a); (4) no insurance in violation of West Virginia Code § 17D-2A-3(a); and (5) speeding in violation of West Virginia Code § 17C-6-1(b)(2). However, on May 25, 2016, the State voluntarily dismissed the complaints against Petitioner that were pending in magistrate court, citing that "[t]he State upon reviewing the complaints in the alleged felony matter and a portion of the misdemeanor matter, does not believe it can proceed with prosecution of the complaints in their current form."

Petitioner's counsel filed a notice of appearance, notice of not guilty plea, motion for a jury trial, and several other motions in the Masontown Municipal Court relating to the two citations. No hearing was scheduled on Petitioner's motions. The case remained inactive for nearly eight months. Then, on January 10, 2017, the Masontown Municipal Court judge found probable cause to issue a ten-count criminal complaint against Petitioner alleging five counts of possession of a controlled substance in violation of West Virginia Code § 60A-4-401(c) for the five Flexeril pills; one count of possession of a controlled substance in violation of West Virginia Code § 60A-4-401(c) for the Suboxone; one count of possession of a controlled substance in violation of West Virginia Code § 60A-4-401(c) for the marijuana; one count of carrying a concealed weapon without a license in violation of West Virginia Code § 61-7-3; one count of no insurance, in

3

violation of West Virginia Code § 17D-2A-3(a); and one count of speeding in violation of West Virginia Code § 17C-6-1(b)(2).[1]

Police officers attempted service of the municipal criminal complaint on Petitioner at his mother's home months later in mid-May 2017. Petitioner was not home, but his mother informed him that the police were looking for him, at which point he called his attorney to arrange to turn himself in. His attorney attempted to contact the Masontown Municipal Court and the Masontown town attorney without success. Thereafter, Petitioner sought a writ of prohibition in the Circuit Court of Preston County. Petitioner was not provided with the municipal court complaint until after Petitioner filed his petition; Respondents attached the criminal complaint to their motion to dismiss the petition.

In support of his petition, Petitioner contended that Respondents failed to prosecute him within the statute of limitations, and were therefore prohibited from prosecuting him for any conduct resulting from the May 12, 2016 traffic stop. During the hearing on the petition held on June 8, 2017, Respondents argued, and the circuit court

---

[1] The first correspondence Petitioner received from the Masontown Police Department dated January 30, 2017, indicated that Petitioner was required to pay a fine of $1,380.00 for one citation, and $660.00 for the other by February 15, 2017, or his driver's license would be revoked by the Department of Motor Vehicles. Petitioner challenged the legality of the fines. Respondents have conceded that the collection attempts and revocation without a hearing were ill-advised and Respondents' attorney represents that Respondents have rectified that practice. Accordingly, the circuit court did not make rulings regarding those collection attempts.

agreed, that Respondents were still within the applicable one-year time frame because they had issued the criminal complaint on January 10, 2017, but must commence his trial one year from January 10, 2017. That day, after the hearing, Petitioner appeared in municipal court for his arraignment. His initial appearance and rights statement, which Respondents appropriated from a magistrate court form, provides the following charges and sentences which were handwritten into the document Petitioner was asked to sign:

> The Judge has informed me that I am charged with the [misdemeanor] offenses of 7 counts possession of a Controlled substance; carry concealed weapon w/o a license; no insurance; speeding and that if I am later found guilty or plead guilty, the possible penalties are (*mandatory minimum penalty, if any, and maximum penalty*) 90 days to 6 months jail and/or up to a $1000.00 fine; 100 to 1000.00 fine and up to 1 yr in jail; 200-5000.00 fine and/or 15 days in jail; up to a $100.00 fine.

The municipal court judge also signed the document.

Petitioner now appeals the denial of his writ of prohibition on the grounds not only that Respondents failed to prosecute him within the requisite time frame, but also that the municipal court lacked jurisdiction to prosecute him for violations of the West Virginia Code as opposed to municipal ordinance. He also argues that the municipal court lacked jurisdiction to prosecute him because the charges were initially brought in the Preston County Magistrate Court.

## II.     STANDARD OF REVIEW

Because this proceeding is an appeal from the circuit court's denial of a writ of prohibition, our review is de novo: "[t]he standard of appellate review of a circuit court's refusal to grant relief through an extraordinary writ of prohibition is *de novo*."[2] Petitioner's first two assignments of error relate to the jurisdictional authority of the municipal court. We have held that "[a]s jurisdictional issues are questions of law, our review is de novo."[3] Petitioner's third assignment of error relating to the statute of limitations, however, does not relate to jurisdiction. Therefore, in that respect, our review of the circuit court's order is also guided by the five factors set forth in *State ex rel. Hoover v. Berger*:

> In determining whether to entertain and issue the writ of prohibition for cases not involving an absence of jurisdiction but only where it is claimed that the lower tribunal exceeded its legitimate powers, this Court will examine five factors: (1) whether the party seeking the writ has no other adequate means, such as direct appeal, to obtain the desired relief; (2) whether the petitioner will be damaged or prejudiced in a way that is not correctable on appeal; (3) whether the lower tribunal's order is clearly erroneous as a matter of law; (4) whether the lower tribunal's order is an oft repeated error or manifests persistent disregard for either procedural or substantive law; and (5) whether the lower tribunal's order raises new and important problems or issues of law of first impression. These factors are general guidelines that serve as a useful starting point for determining whether a discretionary writ of prohibition should issue. Although all five factors need

---

[2] Syl. Pt. 1, *State ex rel. Callahan v. Santucci*, 210 W. Va. 483, 557 S.E.2d 890 (2001).

[3] *State ex rel. TermNet Merchant Servs., Inc. v. Jordan*, 217 W. Va. 696, 700, 619 S.E.2d 209, 213 (2005) (citing Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.*, 194 W. Va. 138, 459 S.E.2d 415 (1995)).

not be satisfied, it is clear that the third factor, the existence of clear error as a matter of law, should be given substantial weight.[4]

### III.    ANALYSIS

Petitioner first alleges that the municipal court lacks jurisdiction to prosecute him under the West Virginia Code.  This issue was not raised before the circuit court because Petitioner was not provided with a copy of the municipal court complaint until Respondents attached it in their response to the petition for writ of prohibition.  Likewise, Petitioner was not arraigned in municipal court until after the hearing on his petition, at which time he was made distinctly aware of the specific issues that he contends deprive the municipal court of jurisdiction to prosecute him.

We have discussed that "[l]ack of jurisdiction of the subject matter may be raised in any appropriate manner . . .  and at any time during the pendency of the suit or action."[5]  That includes issues of subject-matter jurisdiction raised for the first time on appeal: "[l]ack of jurisdiction may be raised for the first time in this court, when it appears on the face of the bill and proceedings, and it may be taken notice of by this court on its

---

[4] Syl. Pt. 4, *State ex rel. Hoover v. Berger*, 199 W. Va. 12, 483 S.E.2d 12 (1996).

[5] *McKinley v. Queen*, 125 W. Va. 619, 625, 25 S.E.2d 763, 766 (1943) (citations omitted).

own motion."[6] We do so in light of the harsh ramifications resulting from courts proceeding without subject-matter jurisdiction, that is, that "any decree made by a court lacking [subject-matter] jurisdiction is void."[7]

Having determined that we may decide issues of subject-matter jurisdiction raised for the first time before this Court, we turn to Petitioner's argument. Specifically, Petitioner contends that the municipal court of Masontown lacks jurisdiction to prosecute him for violations of the West Virginia Code because the jurisdiction of municipal courts is limited to prosecution of alleged violation for municipal ordinances. In response, Respondents contend that the municipality of Masontown adopted the West Virginia Code, verbatim, in its 1905 articles of incorporation. Further, Respondents contend that Masontown has not recodified the West Virginia Code into its own numerical ordinances, but has adopted it wholesale, with the unwritten exception that there is no possibility of incarceration when charged in municipal court.

Article VIII, § 11 of the West Virginia Constitution provides in relevant part:

> The legislature may provide for the establishment in incorporated cities, towns or villages of municipal, police or mayors' courts, and may also provide the manner of selection of the judges of such courts. *Such courts shall have jurisdiction to enforce municipal ordinances*, with the right of appeal as prescribed by law. . . . on and after January one, one

---

[6] Syl. Pt. 3, *Charleston Apartments Corp. v. Appalachian Elec. Power Co.*, 118 W. Va. 694, 192 S.E. 294 (1937).

[7] *TermNet Merchant Servs.* 217 W. Va. at 700, 619 S.E.2d at 213 (citations omitted).

8

> thousand, nine hundred seventy-seven, *any other jurisdiction now exercised by such courts shall cease. . . .*[8]

The Legislature has outlined the requirements to make municipal powers effective in West Virginia Code § 8-11-1:

> (a) To carry into effect the powers and authority conferred upon any municipality or its governing body by the provisions of this chapter, or any past or future act of the Legislature of this State, the governing body has plenary power and authority to:
>
> > (1) Make and pass all needful ordinances, orders, bylaws, acts, resolutions, rules and regulations not contrary to the constitution and laws of this State; and
> >
> > (2) Prescribe reasonable penalties for violation of its ordinances, orders, bylaws, acts, resolutions, rules and regulations, in the form of fines, forfeitures and confinement in the county or regional jail or the place of confinement in the municipality, if there is one, for a term not exceeding thirty days.

Thus, we hold that under Article VIII, § 11 of the West Virginia Constitution and West Virginia Code § 8-11-1, a municipality's authority to prosecute offenses is predicated on its passage of municipal ordinances for which the municipality may prescribe penalties, with the limitation that those penalties, if they include incarceration, may not exceed thirty days.

---

[8] (Emphasis added). *See also*, W. Va. Code § 8-10-1 (limiting mayor's municipal jurisdiction to violations of municipal ordinances, orders, by laws, acts, resolutions, rules and regulations of governing body).

Both considerations cut against Masontown's subject-matter jurisdiction over the prosecution of Petitioner's case. First, Respondents baldly assert that the municipality has adopted the West Virginia Code in its entirety without any evidence to that effect.[9] Second, even if we accept Respondents' unsubstantiated contention that the West Virginia Code was adopted by the municipality in its 1905 articles of incorporation, there is no evidence that the municipality's "code" has been updated as the West Virginia Code has been amended. Likewise, there is no evidence before this Court that the articles of incorporation provide any sort of language suggesting that the amended or added provisions of the West Virginia Code are automatically amended or added to the municipal ordinances as they are adopted by the Legislature. Third, while it is typical practice that a municipality might adopt certain provisions of the West Virginia Code, in whole or in part, and amend the penalties to reflect the confines of what is permissible in municipal court, those municipalities adopt their own numerical system to delineate that the prosecution is one for violation of a municipal ordinance.[10]

---

[9] Although the jurisdictional issue was not raised below, Respondents never sought to have this Court take judicial notice.

[10] *See e.g.*, Charleston, W. Va., CODE OF ORDINANCES § 78-2 (tracking language and referencing W. Va. Code § 61-2-9 for offenses of assault and battery; referencing limitations of authorized penalties); Fairmont, W. Va., CITY CODE § 333.01A (tracking language of W. Va. Code § 17C-5-2 for offense of Driving Under the Influence; referencing limitations of authorized penalties).

Respondents also contend, again without substantiation, that Petitioner was made well aware that he was being charged with violation of a municipal ordinance because he would never face incarceration, only a fine. The record plainly reflects otherwise. The municipal court complaint consists *only* of references to violations of the West Virginia Code, which as we have already discussed, is infirm, and Petitioner was never provided with a copy of the ordinances he is alleged to have violated. Further, Petitioner's initial rights statement explicitly provides by *handwritten statement* that he faces incarceration of up to *six months* for each of his seven counts of possession and up to *one year* for carrying a deadly weapon without a license. Those penalties mirror those prescribed under the West Virginia Code for those offenses, and amount to over four years of incarceration. Not only, then, do these prescribed penalties in the municipal court complaint undercut Respondents' argument that the municipality does not impose jail sentences, but also far exceed the thirty-day cap for violation of a municipal ordinance under West Virginia Code § 8-11-1(a)(2).

Based on the evidence available in the record before us, it is clear that Masontown attempted to prosecute Petitioner for violations of the West Virginia Code, as opposed to a municipal ordinance, and intended to subject him to sentences of incarceration exceeding the thirty-day limit. Accordingly, we conclude that the Municipal Court of

11

Masontown is proceeding in excess of its jurisdiction outlined in the West Virginia Constitution at Article VIII § 11 and West Virginia Code § 8-11-1(a).[11]

## IV.    CONCLUSION

For the reasons set forth above, we reverse and remand with instructions that the circuit court grant a writ of prohibition.

Reversed and Remanded with Instructions.

---

[11] Because the municipal court's lack of subject-matter jurisdiction is dispositive, we need not analyze Petitioner's remaining assignments of error.