**FILED**
**November 10, 2021**
released at 3:00 p.m.
EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**Bonnie M.,**
**Respondent Below, Petitioner**

**vs.) No. 20-0791** (Putnam County 20-DV-166)

**Freddie M.,**
**Petitioner Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Mother Bonnie M. ("Petitioner" or "Mother"), by counsel D. Geoffrey Varney appeals the Circuit Court of Putnam County's September 10, 2020, Domestic Violence Protective Order ("DVPO") entered against her. Respondent Freddie M. ("Respondent" or "Father") did not make an appearance in this matter. The dispositive issue on appeal is whether the circuit court had subject matter jurisdiction to enter the DVPO against Petitioner pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act ("UCCJEA").[1]

This Court has considered Petitioner's brief, oral argument, and the record on appeal.[2] This case satisfies the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure for resolution in a memorandum decision. After review, we conclude that the circuit court did not have subject matter jurisdiction in the Domestic Violence Petition case that was filed by Respondent. Therefore, we vacate the circuit court's September 10, 2020 DVPO and remand this case to the circuit court with direction that the circuit court enter an order dismissing the underlying case.

---

[1] The UCCJEA, which is codified in chapter 48, article 20 of the West Virginia Code, is discussed in detail in this decision.

[2] The DVPO at issue in this case expired during the pendency of this appeal. However, the case is not technically moot because a petition for contempt filed by Respondent remains pending. Therefore, a current dispute exists between the parties.

1

On August 19, 2020, Respondent, on behalf of the parties' minor daughter, A.G.M.,[3] filed a Domestic Violence Petition against Petitioner in Putnam County, West Virginia. On the same day, the magistrate court entered an Emergency Protective Order ("EPO") prohibiting Petitioner from being present at A.G.M.'s home or school or otherwise contacting her. In addition, the magistrate court granted Respondent temporary custody of A.G.M. and scheduled the hearing on the petition for September 1, 2020, before the Family Court of Putnam County.[4]

On September 1, 2020, a hearing was held in family court. Prior to the hearing, Petitioner filed her "Answer, Affirmative Defenses, and Motion to Dismiss/Transfer." In this filing, Petitioner made the family court aware that she believed that the Commonwealth of Kentucky had home state jurisdiction of A.G.M. pursuant to the UCCJEA, West Virginia Code § 48-20-101 *et seq.* Specifically, Petitioner referenced an action in the Commonwealth of Kentucky before the Pike Circuit Court Family Court Division involving the parties to the instant case in which the parties agreed that Respondent would be granted temporary residential custody of A.G.M. (hereinafter "Kentucky Case").[5] During the hearing, the family court was made aware that the minor child, A.G.M., was the subject of a juvenile delinquency proceeding before the Circuit Court of Putnam County. After the family court conferred with the circuit court, the case was transferred from the family court to the circuit court.[6]

On September 9, 2020, the circuit court conducted a hearing on Respondent's request for a DVPO. The hearing lasted several hours, and the circuit court heard testimony from A.G.M., Petitioner, Petitioner's mother, and Respondent. It appears from the transcript of this hearing that the circuit court was not initially aware that a Kentucky court had placed A.G.M. in the temporary custody of Respondent in West Virginia. Counsel for Petitioner informed the circuit court that the Kentucky court had

---

[3] Consistent with our long-standing practice in cases involving sensitive facts, we use the initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 256 n.1, 773 S.E.2d 20, 22 n.1 (2015).

[4] Petitioner assigns no error to the entry of the EPO.

[5] In addition, Petitioner provided the case number of the Kentucky Case and further indicated that a hearing in the Kentucky Case was scheduled for October 20, 2020.

[6] According to the Transfer Order, the family court was made aware that A.G.M. is the subject of a juvenile delinquency proceeding before the circuit court. After the family court conferred with the circuit court, "it was determined that the Circuit Court [had] jurisdiction over the minor child."

given Respondent temporary residential custody of A.G.M. Counsel for Petitioner also made the circuit court aware that a hearing in the Kentucky Case was scheduled for October 20, 2020. Further, counsel for Petitioner informed the circuit court that the family court in Putnam County had permitted Petitioner to have one call with A.G.M. each evening at 7:00 p.m. At the conclusion of the hearing, the circuit court decided to "sustain the petition" and ordered that the DVPO would remain in effect until midnight on March 8, 2021. Further, the circuit court set aside the family court's order permitting telephone contact between Petitioner and A.G.M. Following this ruling, counsel for Petitioner questioned how the ruling would affect the custody issue pending in the Kentucky court.

Hours after the conclusion of the hearing in circuit court, counsel for Petitioner e-filed a letter to the circuit court arguing that the jurisdiction of the DVPO case was governed by the UCCJEA and that the circuit court was required to communicate with the Kentucky court because Kentucky was A.G.M.'s home state. The following day, September 10, 2020, the circuit court entered a DVPO against Petitioner finding that she placed A.G.M. in reasonable apprehension of physical harm and that she created fear of physical harm by harassment, stalking, psychological abuse or threatening acts. The circuit court further determined that Petitioner had drugs in the home. Specifically, the circuit court further found: "[A.G.M.'s] written allegations and in-court testimony are credible. Therefore, the Court finds by clear and convincing evidence that [Petitioner] created fear of physical harm and psychological abuse, and reasonable apprehension of the same." Petitioner was ordered to refrain from contacting, telephoning, communicating with, harassing, or verbally abusing A.G.M. Further she was granted no visitation with A.G.M.

Following the entry of the DVPO by the circuit court, Petitioner filed the instant appeal. Questions regarding the custody of A.G.M. and inconsistencies between the circuit court's direction and the Kentucky Case continued after the entry of the September 10, 2020 DVPO. On November 24, 2020, an order was entered in the Kentucky Case granting Petitioner visitation and phone contact with A.G.M.[7] After the entry of that order,

---

[7] The order provides as follows:

> 1. The Petitioner shall have supervised visitation with the minor child, [A.G.M.], beginning this Saturday November 28, 2020 at the hour of 10:00 a.m. until 6:00 p.m.; and the following Saturday December 5, 2020, at the hour of 10:00 a.m. until 6:00 p.m. Thereafter, the Petitioner shall receive standard visitation and holiday visitation in accordance with the Pike Family Court Standard Visitation Guidelines. The

(continued . . .)

Petitioner attempted to contact A.G.M. by phone, and Respondent filed a "Petition Seeking an Order to Show Cause (Domestic Violence Civil Contempt)" in the Circuit Court of Putnam County. On or about January 20, 2021, the Circuit Court of Putnam County held a hearing in A.G.M.'s juvenile delinquency case and again ordered that Petitioner have no visitation with A.G.M.[8] The Pike Circuit Court Family Court Division subsequently ordered that A.G.M. alternate between weeks living with Petitioner in Kentucky and Respondent in West Virginia. By letter dated March 25, 2021, the Circuit Court of Putnam County ordered that A.G.M. live with Respondent during the week and attend in-person school in Putnam County until the end of the school year and visit with Petitioner on the weekend as previously ordered in the Kentucky Case.

Petitioner alleges that the circuit court lacked subject matter jurisdiction to issue the DVPO and prohibit contact between Petitioner and A.G.M.. In considering the petition before us, we must determine whether the circuit court possessed subject matter jurisdiction in this matter pursuant to the UCCJEA. "[J]urisdictional issues are questions of law[.]" *State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 343, 801 S.E.2d 216, 221 (2017) (citation omitted). "Where the issue on an appeal from the circuit court is clearly a question of law or involving an interpretation of a statute, we apply a *de novo* standard of review." Syl. Pt. 1, *Chrystal R.M. v. Charlie A.L.* 194 W. Va. 138, 459 S.E.2d 415 (1995). With this standard in mind, we proceed to examine Petitioner's arguments.

Petitioner argues that the circuit court and the family court of Putnam County erred in the manner in which it handled Respondent's Domestic Violence Petition. Petitioner argues that the circuit court lacked subject matter jurisdiction over the request

---

Petitioner's first weekend visitation shall begin on December 18, 2020 at the hour of 6:00 p.m.

2. The Petitioner's mother, [], shall supervise the visitation.

3. The Petitioner shall also receive one phone call per week from the minor child, which shall be on Tuesdays at 8:00 p.m.

4. The parties shall meet at the Logan, West Virginia Walmart for the exchange.

[8] This information is contained in a letter dated January 26, 2021, from the circuit court's law clerk to the Kentucky Court. The circuit court's ruling appears to be based on its belief that it now had the authority "to assert jurisdiction over [A.G.M.] through her juvenile delinquency case free from the UCCJEA's interstate requirements[.]"

for a DVPO, and therefore, could not enter the DVPO at issue in this case. This issue requires us to examine the UCCJEA.

We begin our analysis by noting that the UCCJEA applies to child custody proceedings, including proceedings in which a party seeks protection from domestic violence. *See* W. Va. Code § 48-20-102(d) (2001) (defining "child custody proceeding" under the UCCJEA to include "a proceeding for … protection from domestic violence").

Almost immediately after Respondent filed a Domestic Violence Petition in Putnam County, Petitioner challenged the jurisdiction of the courts in Putnam County, and she continued to challenge jurisdiction when the case was transferred from the family court to the circuit court.[9] Prior to the hearing in family court, Petitioner filed a motion seeking to have the petition denied or to have the case transferred to "the presiding judge in the Pike County, Kentucky matter." In that motion, Petitioner referenced the UCCJEA and described the jurisdiction of the family court in Putnam County as "questionable." Specifically, she alleged that the Commonwealth of Kentucky had home state jurisdiction of A.G.M. pursuant to the UCCJEA. On September 1, 2020, the family court proceeded with what has been described as a brief hearing. Later that same day, the family court transferred the matter to the circuit court.

On September 9, 2020, the circuit court held a telephonic hearing on Respondent's Domestic Violence Petition. The circuit court indicated during that hearing that it did not have the family court information about this case, and it inquired about the current order providing for visitation and custody. Counsel for Petitioner informed the circuit court that the order under which the parties were operating was an order issued in Kentucky by the Pike Circuit Court Family Court Division. Counsel also informed the circuit court that the parties had an upcoming hearing scheduled in the Kentucky Case on October 20, 2020.

At the conclusion of the September 9, 2020 hearing, the circuit court informed the parties that it intended to sustain the petition and would enter a DVPO within twenty-four hours. Hours after the hearing in circuit court, counsel for Petitioner e-filed a letter addressed to the circuit court maintaining that the jurisdiction of the DVPO case was

---

[9] Petitioner assigns as error the transfer of the DVPO case from the family court to the circuit court. W. Va. Code § 48-27-301(a) provides that "[c]ircuit courts, family courts and magistrate courts have concurrent jurisdiction over domestic violence proceedings as provided in this article." Further, given our holding in this case, we deem it unnecessary to address this assignment of error.

governed by the UCCJEA and that Kentucky was the "home state" with respect to the UCCJEA. Further, counsel for Petitioner argued that, at best, the circuit court maintained only temporary emergency jurisdiction under the UCCJEA. The following day, the circuit court entered a DVPO that granted temporary custody of A.G.M. to Respondent, denied Petitioner any visitation with A.G.M. and ordered that Petitioner refrain from "contacting, telephoning, communicating with, harassing, or verbally abusing" A.G.M.

Based upon the record before us, we believe the question regarding the circuit court's jurisdiction should have been addressed by the circuit court as soon as it became aware of the possibility that the UCCJEA was implicated. "The urgency of addressing problems regarding subject-matter jurisdiction cannot be understated because any decree made by a court lacking jurisdiction is void." *State ex rel. TermNet Merch. Servs., Inc. v. Jordan*, 217 W. Va. 696, 700, 619 S.E.2d 209, 213 (2005) (citation omitted). In the DVPO, the circuit court determined that it had jurisdiction to hear the case without addressing Petitioner's objection related to jurisdiction under the UCCJEA.

The record reveals that there was clearly a proceeding concerning the custody of A.G.M. pending before the Pike Circuit Court Family Court Division in Kentucky prior to the time Respondent filed the Domestic Violence Petition in Putnam County. In fact, Petitioner filed in the circuit court a copy of a January 6, 2020 Agreed Order from the Kentucky Case which memorialized an agreement between the parties to designate Respondent as A.G.M.'s temporary residential custodian. The Agreed Order clearly reflects that there was a proceeding concerning the custody of A.G.M. in the Pike Circuit Court Family Court Division.

Respondent's action in Putnam County seeking a DVPO did not provide an avenue for the circuit court to assert jurisdiction over the custody of A.G.M. where there was an ongoing proceeding regarding such custody in Kentucky. Such exercise of jurisdiction was prohibited by W. Va. Code § 48-20-206(a), which provides:

> Except as otherwise provided in section 20-204 [§ 48-20-204], a court of this State may not exercise its jurisdiction under this article if, at the time of the commencement of the proceeding, a proceeding concerning the custody of the child has been commenced in a court of another state having jurisdiction substantially in conformity with this chapter, unless the proceeding has been terminated or is stayed by the court of the other state because a court of this State is a more convenient forum under 20-207 [§ 48-20-207].

There was no evidence that the Kentucky Case had been terminated or stayed. To the contrary, Petitioner filed (in Putnam County) a copy of the Agreed Order from the

Kentucky Case which revealed that the parties to the instant case had agreed that Respondent would be designated A.G.M.'s temporary residential custodian. In addition, during the hearing before the circuit court, counsel for Petitioner made the court aware of an upcoming hearing scheduled in the Kentucky Case.

While the circuit court did not establish jurisdiction to determine long-term custody of A.G.M., the UCCJEA does bestow upon the circuit court temporary emergency jurisdiction in certain circumstances. Specifically, the UCCJEA provides:

> A court of this State has temporary emergency jurisdiction if the child is present in this State and the child has been abandoned or it is necessary in an emergency to protect the child because the child, or a sibling or parent of the child, is subjected to or threatened with mistreatment or abuse.

W. Va. Code § 48-20-204(a). Petitioner argues that no such emergency existed, and we agree. At the time of the hearing before the circuit court, the Emergency Protective Order entered by the magistrate court was still in effect. Further, at that time, A.G.M. was living in West Virginia in the custody of Respondent and Petitioner was living in Kentucky. Indeed, there is no indication in the record that the circuit court believed that it was acting pursuant to the UCCJEA's temporary emergency jurisdiction provisions. However, even assuming, arguendo, that circuit court relied upon temporary emergency jurisdiction, it is clear that the circuit court did not comply with the statutory requirements of the UCCJEA regarding such emergency jurisdiction.

The UCCJEA imposes the following requirement in cases involving temporary emergency jurisdiction:

> A court of this State which has been asked to make a child custody determination under this section, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of a state having jurisdiction under sections 20-201 through 20-203, shall immediately communicate with the other court. A court of this State which is exercising jurisdiction pursuant to sections 20-201 through 20-203, upon being informed that a child custody proceeding has been commenced in, or a child custody determination has been made by, a court of another state under a statute similar to this section shall immediately communicate with the court of that state to resolve the emergency, protect the safety of the parties and the child, and determine a period for the duration of the temporary order.

7

W. Va. Code § 48-20-204(d). Again, it is clear that the Pike Circuit Court Family Court Division in Kentucky had made a child custody determination with respect to A.G.M. prior to the time Respondent filed his Domestic Violence Petition. With respect to communication with the Kentucky court, the circuit court indicated that it would have A.G.M.'s guardian ad litem from Putnam County contact A.G.M.'s guardian ad litem in Kentucky.[10] The statute is clear that the communication must come from the "court," not from any other agency or individual. *See In re J.C.,* 242 W. Va. 165, 832 S.E.2d 91 (2019) (holding that the child protective services in Virginia was not a "court" which could decline jurisdiction pursuant to W. Va. Code § 48-20-201(a)(2)).[11] Clearly, "temporary emergency jurisdiction" is designed to give the circuit court the *temporary* ability to protect a child from immediate danger while requiring that the court follow up such action with immediate contact with the out-of-state court that determined, or has been asked to determine, the custody of the child. Even if an emergency had existed at the time of the circuit court's hearing, the circuit court failed to comply with the UCCJEA's requirement that it "immediately communicate with the other court" pursuant to W. Va. Code § 48-20-204(d).

Given our ruling, we need not address Petitioner's remaining assignment regarding the circuit court's denial to permit certain testimony during the hearing on September 9, 2020. Further, we decline to issue any ruling regarding the juvenile delinquency case as it is not properly before this Court.[12]

Based on the foregoing, we find that the circuit court erred by entering a DVPO against Petitioner because it lacked subject matter jurisdiction to proceed in this case pursuant to the provisions of the UCCJEA. Accordingly, we vacate the DVPO and

---

[10] A.G.M. was appointed a guardian *ad litem* in the Putnam County juvenile delinquency case. It is unclear whether this communication occurred.

[11] By letter dated January 26, 2021, more than four months after the September 10, 2020 DVPO, the circuit court's law clerk contacted the Kentucky court, primarily regarding the juvenile delinquency proceeding.

[12] Petitioner alleges that she and her counsel have been barred from participating in A.G.M.'s juvenile delinquency case and that her appeal in the instant case is the only way in which she can seek relief from the rulings in her daughter's juvenile delinquency case. We disagree. The juvenile delinquency case is a separate case, and it is not before this Court. To the extent that the circuit court may have believed that the juvenile delinquency matter provided it jurisdiction to issue the DVPO challenged by Petitioner in the matter currently before us, we reject any such assertion. If Petitioner seeks relief from any rulings in the juvenile delinquency case itself, she must do so in a separate filing.

remand this case to the circuit court with direction to dismiss the Domestic Violence Petition filed by Respondent.

Vacated and Remanded With Instructions.

**ISSUED**: November 10, 2021

**CONCURRED IN BY**:

Chief Justice Evan H. Jenkins
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice John A. Hutchison
Justice William R. Wooton

9