**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

*In re* **W.B., C.C., and G.C.**

**No. 22-907** (Boone County CC-03-2021-JA-63, CC-03-2021-JA-64, and CC-03-2021-JA-65)

**MEMORANDUM DECISION**

Petitioner Mother T.H.[1] appeals the Circuit Court of Boone County's November 10, 2022, order terminating her guardianship and custodial rights to W.B., C.C., and G.C.[2] Upon our review, we determine that oral argument is unnecessary and that a memorandum decision affirming, in part, and vacating, in part, the circuit court's order and remanding for further proceedings is appropriate, in accordance with the "limited circumstances" requirement of Rule 21(d) of the West Virginia Rules of Appellate Procedure.

In July 2021, the DHS filed an abuse and neglect petition against petitioner after investigating allegations that petitioner failed to obtain mental health treatment for her son, W.B., who was struggling with suicidal thoughts. The petition alleges that during a school assessment, W.B. expressed several detailed plans for suicide. A DHS worker spoke with petitioner to investigate the matter, and petitioner informed her that the investigation was "ridiculous"; that W.B. was previously seeing a therapist but stopped appointments there because petitioner and the therapist did not get along; that W.B. had stopped seeing his last doctor because the doctor wanted to "dope him up on a bunch of medicine"; and that the earliest new appointment she could find for

---

[1]Petitioner appears by counsel Timothy J. Lafon. The West Virginia Department of Human Services appears by counsel Attorney General Patrick Morrisey and Assistant Attorney General Andrew T. Waight. Counsel Allison K. Huson appears as the children's guardian ad litem. Father J.B. appears by counsel J. Alexander Meade.

Additionally, pursuant to West Virginia Code § 5F-1-2, the agency formerly known as the West Virginia Department of Health and Human Resources was terminated, effective January 1, 2024, and is now three separate agencies—the Department of Health Facilities, the Department of Health, and the Department of Human Services. For purposes of abuse and neglect appeals, the agency is now the Department of Human Services ("DHS").

[2]We use initials where necessary to protect the identities of those involved in this case. *See* W. Va. R. App. P. 40(e).

him was in October 2021. However, the petition does not make any allegations regarding C.C. or G.C.

Following a preliminary hearing, the circuit court ordered petitioner to be examined for mental fitness and to submit to weekly drug screens. The order also noted that petitioner was uncooperative with the court and DHS workers at the onset of the case, by concealing W.B. and by responding in a very inappropriate manner to workers investigating the allegations. After intervention by law enforcement, petitioner appeared in court with W.B. and was directed to drug screen, where petitioner tested positive for Suboxone, marijuana, and alcohol. The order additionally states that the circuit court "has emphasized that both [C.C. and G.C.] are not the focus of this Juvenile Abuse and Neglect action."

At the adjudicatory hearing in November 2021, the court heard testimony from two DHS workers and petitioner. The DHS workers testified to the difficulty they had locating W.B. and speaking with petitioner at the onset of the case. They further testified to the seriousness of W.B.'s mental health problems and suicidal ideation, petitioner's failure to get W.B. mental health treatment, and petitioner's minimization of W.B.'s mental health concerns. Ultimately, the court found that petitioner had abused and neglected W.B. by failing to address his serious mental health concerns, and adjudicated petitioner as an abusive and neglectful parent to W.B. The adjudicatory order does not mention C.C. or G.C.

By order entered on January 25, 2022, the circuit court granted petitioner's motion for a post-adjudicatory improvement period. Petitioner was required to remain drug free, participate in weekly and biweekly mental health therapy, take all mental health medications prescribed, follow recommendations of mental health professionals, participate in parenting classes, participate in supervised visitation, and attend W.B.'s therapy appointments when possible. Additionally, the court ordered a psychological evaluation to address petitioner's parental fitness. The parental fitness evaluation reported diagnoses of personality and mood disorders in addition to substance abuse disorders. The evaluator recommended outpatient substance abuse treatment, weekly individual therapy, psychiatric assistance for medication management, maintaining employment, and parenting instruction.

On March 18, 2022, the DHS filed a motion to revoke petitioner's improvement period. The motion alleged that petitioner was actively participating in drug sales, based on messages from her Facebook account orchestrating "buys" with multiple individuals. After several evidentiary hearings on the motion, the improvement period naturally expired, and the court moved to disposition. The circuit court then held several dispositional hearings, culminating in a final hearing in October of 2022. During the hearings, petitioner admitted that the Facebook account at issue was hers, but claimed others had access to it and denied engaging in discussions related to drug sales. Petitioner additionally testified that she believed she had adequately addressed W.B.'s mental health concerns prior to the filing of the petition and that she was unaware that W.B. was harming himself, believing that the injuries she saw on him were from fishing.

Evidence at disposition also established that after a two-month delay, petitioner initially participated in individual therapy beginning in February 2022. The court heard testimony from petitioner's therapist, who explained that the scope of petitioner's treatment focused on her anxiety

2

and did not address many of the conditions at issue in these proceedings, as he had not seen petitioner's parental fitness evaluation; they did not discuss her relationship with W.B., other than petitioner explaining the facts of the case; he was unaware petitioner had been diagnosed with mixed personality disorder and their therapy did not address that; and their therapy did not address attachment issues or parenting issues. Petitioner sought additional treatment in April 2022, although she attended only one session with that provider. Critically, the evidence also established that petitioner did not complete an outpatient substance abuse treatment program.

Based on the evidence, the circuit court found that, although petitioner was compliant with visitation and parenting classes and did attend some individual therapy sessions, petitioner failed to engage in any outpatient substance abuse treatment; engaged in messaging about drug deals and lacked credibility when testifying about the messages; failed to engage in therapy that addressed the concerns identified in her parental fitness evaluation; demonstrated an inadequacy of caring for her own mental health; failed to grasp the seriousness of W.B.'s mental health concerns after receiving parenting instruction; and maintained the position that she was adequately addressing W.B.'s mental health concerns prior to the petition's filing.

Based on these findings, the circuit court found that petitioner failed to acknowledge the underlying issues and failed to complete all the goals of her improvement period; that there was no reasonable likelihood that the conditions of abuse and neglect could be resolved in the near future; and that termination of petitioner's guardianship and custodial rights to W.B., C.C., and G.C. was in the best interests of the children. Consequently, the court terminated petitioner's guardianship and custodial rights to W.B., C.C., and G.C. by order entered on November 10, 2022.[3] It is from this order that petitioner appeals.

On appeal from a final order in an abuse and neglect proceeding, this Court reviews the circuit court's findings of fact for clear error and its conclusions of law de novo. Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011). We will first address the termination of petitioner's guardianship and custodial rights to C.C. and G.C. This Court has previously stated that "our statutes, cases, and rules instruct that a circuit court may not terminate parental rights at a § 49-4-604 disposition hearing without first finding that the parent abused or neglected the child in question at a § 49-4-601 adjudicatory hearing." *In re A.P.-1*, 241 W. Va. 688, 693, 827 S.E.2d 830, 835 (2019); *see also* Syl. Pt. 2, in part, *In re B.V.*, 248 W. Va. 29, 886 S.E.2d 364 (2023) (explaining that a child must be adjudicated as an abused or neglected child for a circuit court to have jurisdiction over a child in an abuse and neglect case). Further, we have explained that jurisdictional issues are questions of law and may be taken notice of by this Court on its own motion. *See State ex rel. Universal Underwriters Ins. Co. v. Wilson*, 239 W. Va. 338, 343, 801 S.E.2d 216, 221 (2017), and Syl. Pt. 3, *Lewis v. Municipality of Masontown*, 241 W. Va. 166, 820 S.E.2d 612 (2018).

The petition in this case does not contain any allegations specific to C.C. or G.C. Moreover, the circuit court's order entered July 22, 2021, clearly states that the circuit court "has emphasized that both [C.C. and G.C.] are not the focus of this Juvenile Abuse and Neglect action." The

---

[3]The court left intact petitioner's parental rights. The permanency plan for the children is custody with their respective fathers.

adjudicatory order makes no mention of C.C. or G.C. and adjudicates only W.B. as an abused and neglected child. Because the circuit court failed to adjudicate C.C. and G.C. as abused and/or neglected children, the termination of petitioner's guardianship and custodial rights to C.C. and G.C. was improper and must be vacated. *See* Syl. Pt. 5, *In re Edward B.*, 210 W. Va. 621, 558 S.E.2d 620 (2001) (requiring that an order be vacated where it appears that the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes have been substantially disregarded or frustrated). Issues pertaining to C.C. and G.C. are remanded to the circuit court for further proceedings, including the filing of an amended abuse and neglect petition, if warranted.

Next, we turn to petitioner's arguments as they pertain to W.B. First, petitioner argues that the circuit court erred by finding that she failed to substantially comply, if not successfully complete, her post-adjudicatory improvement period. Petitioner did participate in visitation and parenting classes and attended therapy for her anxiety, and the circuit court recognized that limited success. However, the circuit court nonetheless noted that, despite participating in services, petitioner failed to appreciate the severity of W.B.'s mental health issues, as evidenced by her testimony that this issue was resolved prior to the petition's filing. As we have previously recognized, "it is possible for an individual to show compliance with specific aspects of the case plan while failing to improve . . . [the] overall attitude and approach to parenting." *In re Jonathan Michael D.*, 194 W. Va. 20, 27, 459 S.E.2d 131, 138 (1995) (internal citation omitted). Additionally, we have explained that, at the conclusion of an improvement period, the circuit court shall review the parent's performance and "shall, in the court's discretion, determine whether the conditions of the improvement period have been satisfied and whether sufficient improvement has been made in the context of all the circumstances of the case to justify the return of the child." Syl. Pt. 6, *In re Carlita B.*, 185 W. Va. 613, 408 S.E.2d 365 (1991). While the record does contain evidence that petitioner satisfied some of the goals of the improvement period, the record also contains evidence of several goals petitioner failed to meet. For example, petitioner's psychological evaluator recommended substance abuse treatment, and her improvement period required that she follow all recommendations of mental health professionals. Petitioner ignores the fact that she admitted in her testimony that she had not completed such treatment. Similarly, petitioner argues that she participated in therapy, while the record is clear that this therapy did not address the specific issues identified in her parental fitness evaluation. The circuit court concluded, in light of all the circumstances of the case, that petitioner did not successfully complete all goals of the improvement period, and we find no error.

Next, petitioner argues that the circuit court erred by terminating her custodial and guardianship rights to W.B. In support of this contention, petitioner argues that the conditions of abuse and neglect were sufficiently remedied and that it was in the best interest that the child return to her care. When making the final disposition in an abuse and neglect proceeding, "the level of a parent's compliance with the terms and conditions of an improvement period is just one factor to be considered. The controlling standard that governs any dispositional decision remains the best interests of the child." Syl. Pt. 4, *In re B.H.*, 233 W. Va. 57, 754 S.E.2d 743 (2014). Additionally, this Court has held that,

> [i]n order to remedy the abuse and/or neglect problem, the problem must first be acknowledged. Failure to acknowledge the existence of the problem, i.e., the truth of the basic allegation pertaining to the alleged abuse and neglect or the perpetrator

4

of said abuse and neglect, results in making the problem untreatable and in making an improvement period an exercise in futility at the child's expense.

*In re Timber M.*, 231 W. Va. 44, 55, 743 S.E.2d 352, 363 (2013) (citation omitted).

The main concern leading to the filing of the petition in this case was petitioner's failure to seek proper mental health care for W.B. However, petitioner maintained throughout the case that she had properly addressed W.B.'s mental health concerns *prior* to the petition's filing and minimized W.B.'s suicidal ideation and self-harm. The circuit court concluded that this failure to acknowledge the seriousness of W.B.'s mental health concerns, even after services and parenting classes, posed a continued threat to the child's safety and welfare. Based on this evidence, the circuit court concluded that there was no reasonable likelihood that the conditions of abuse and neglect that led to the filing of the petition would be resolved in the near future and that termination of petitioner's guardianship and custodial rights to W.B. was in the child's best interest. We find no error in this decision.

For the foregoing reasons, the circuit court's November 10, 2022, order is hereby affirmed, in part, only as it pertains to the termination of petitioner's guardianship and custodial rights to W.B. We vacate, in part, the circuit court's November 10, 2022, order as it pertains to termination of petitioner's guardianship and custodial rights to C.C. and G.C., and remand this matter to the circuit court for further proceedings, including any additional proceedings consistent with applicable rules and statutes to determine whether C.C. and G.C. met the statutory definitions of abused or neglected children. *See* W. Va. Code § 49-1-201. The Clerk is directed to issue the mandate contemporaneously herewith.

Affirmed, in part, Vacated, in part, and Remanded with directions.

**ISSUED**: February 7, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn